EMILY A. GREEN *et al.*

*v.*

THE CITY OF SPRINGFIELD.

*Filed at Springfield October 31, 1889.*

1. PRACTICE—*after reversal and remandment—of further proceedings in the trial court.* Where the judgment of the county court dismissing a proceeding to confirm a special tax for the paving of streets is reversed, and the cause remanded, with direction to allow an amendment which had been refused, and for further proceedings in conformity with the views of this court as expressed in its opinion, the remanding order will not preclude the filing of further objections or the raising of new issues in the trial court.

2. In case of a reversal and remanding order with specific directions, the court below will have no discretion, but must carry out the mandate of this court. Beyond such directions the lower court is at liberty to take further proceedings, with this limitation, that in so doing it must be guided by the rules of law established by this court in its decision.

3. After judgment of reversal by this court, and a remanding order for further proceedings in conformity with the opinion, the parties will not be allowed to present the same objections or issues as before, although in a different form. Only as to such questions as are substantially new, will the case be open for further consideration.

4. APPEALS—*of a second appeal—what questions to be considered.* Where the question of the constitutionality of an ordinance for the levy of a special tax to improve certain streets is necessarily involved in the decision of this court, and the question is settled thereby, it can not be again considered when the case is brought to this court a second time.

5. SPECIAL TAXATION—*for local improvement—of the ordinance—its sufficiency.* A city ordinance, after providing for the construction of pavements of a certain kind upon certain streets, and for the payment of the amount required for paving the street intersections, etc., by general taxation, directed as follows: "The remainder of the cost of said improvements shall be paid for by special taxation, and for that purpose a special tax, equal in amount to the whole cost of paving that portion of said streets, or parts of streets, and alleys, not included in the intersections and crossings aforesaid, nor in the right of way of any steam, horse or street railway company, and the cost of all materials required therefor, and all other expenses connected with the same, in-

cluding the cost of levying and collecting said special tax, is hereby ordered to be levied, assessed and collected upon and from the real estate, lots, etc., abutting upon the line of said streets, etc., in proportion to the frontage thereof upon the streets, or parts of streets, and alleys, ordered to be paved as aforesaid," and also provided the usual steps for the making and levy of such tax, etc.: *Held,* the ordinance was in substantial conformity to the law, and was not open to the objection that it failed, in legal effect, to levy the tax.

6. Where the cost of a local improvement is to be raised, in whole or in part, by special taxation, the ordinance itself must either state the sum or give the data by which the commissioners can fix the amount to be raised, and when so fixed and ascertained in conformity with the ordinance, it is conclusive upon the property owners.

7. Where the ordinance directs to be levied the total cost of the improvement, not including the cost of paving street intersections and the right of way of railway companies, and provides for its assessment upon the abutting property in proportion to frontage, it fixes the total tax to be levied. The statute provides for the ascertainment of such cost after the passage of the ordinance, viz., by a committee.

8. . SAME—*frontage—as the basis of the assessment.* On a proceeding to confirm the assessment of a special tax upon contiguous property to pay for the paving of streets, evidence tending to show that the taxes levied were unequal, on the basis of the superficial area of the property, its value, or the amount of the benefits resulting to it, is wholly immaterial, as the proper basis of the assessment is the frontage of the property on the street to be improved.

9. In such case, however, a property owner may show that his lot assessed has a smaller frontage than that estimated by the commissioners, and therefore the assessment is too high.

10. SAME—*commissioners' report—as evidence.* In a proceeding of that character, the commissioners' report of their assessment is *prima facie* evidence of a valid assessment, and when there is no evidence tending to rebut the same, an instruction to the effect that their report is competent evidence, the same as if the commissioners were on the stand testifying to the facts therein stated, even if erroneous, is harmless, and no ground of reversal of a judgment of confirmation.

APPEAL from the County Court of Sangamon county; the Hon. JAMES H. MATHENY, Judge, presiding.

Messrs. GROSS & BROADWELL, for the appellants:

The first question is, does the ordinance make a special tax levy. In *City of Sterling* v. *Galt,* 117 Ill. 11, this court clearly

intimates that the ordinance must fix the amount. A tax levy imports the ascertainment and fixing of the amount to be raised. This is essential to a valid levy. *Moore* v. *Foote*, 32 Miss. 469.

Until the report of the committee, of the cost, had been made to and approved by the city council, there was no basis of a tax levy. The ordinance was but a preliminary, when its language is considered.

The ordinance is void, because it does not conform to the constitutional provision and the statute thereunder. Const. 1870, art. 9, sec. 9; 1 Starr & Curtis, p. 487, sec. 117.

This court has never held, in terms, that the apportionment of a special tax levy, in proportion to the feet of abuttal, is a "just and equitable mode" of securing practical equality and uniformity in the distribution of a tax levy.

The burden of proof was on the city to show the assessment was right, and the report is only *prima facie* evidence of that fact. *Fagan* v. *Chicago*, 84 Ill. 227.

The court instructed the jury, "that the report of the commissioners herein is competent evidence of the facts therein stated, as if the commissioners were upon the stand testifying to the facts therein stated." This was erroneous, as the report was only *prima facie* evidence. It could not have the weight of the evidence of these men testifying on the stand.

Messrs. CONKLING & GROUT, and Mr. T. McGRATH, for the appellee:

All the questions as to the validity of the ordinance and the special tax by frontage, were fully and fairly before this court, and considered by it, when the case was here before. The objections filed in the county court since the case was here, while couched in new language, present no new question. See *Newberry* v. *Blatchford*, 106 Ill. 593.

It seems to us beyond question, that the former decision of this case as to the validity of the ordinance and the special

tax is conclusive on the present appellants. They have no right to bring the case here again for a re-trial of this question, or for the purpose of assigning error on any question then before the court, or which might have been raised, or which did not arise since it was here. This court has repeatedly so held. *Ogden* v. *Larrabee,* 70 Ill. 510; *Rising* v. *Carr,* id. 596; *Moshier* v. *Norton,* 100 id. 63; *Newberry* v. *Blatchford,* 106 id. 584; *Smyth* v. *Neff,* 123 id. 310.

The first question presented is, does the ordinance, in legal effect, levy a special tax. As to the form and language of the ordinance, it is the same as those sustained in *Enos* v. *Springfield,* 113 Ill. 65, *Springfield* v. *Green,* 120 id. 269, and *Wilbur* v. *Springfield,* 123 id. 395.

Under their second head, counsel for appellants discuss the question of the inequality of taxation by frontage. This question has been so often passed upon by this court, and this mode of special taxation sustained, that we will simply cite the following cases: *White* v. *People,* 94 Ill. 604; *Craw* v. *Tolono,* 96 id. 255; *Enos* v. *Springfield,* 113 id. 65; *Galesburg* v. *Searles,* 114 id. 217; *Watson* v. *Chicago,* 115 id. 78; *Wilbur* v. *Springfield,* 123 id. 395; *Springfield* v. *Green,* 120 id. 269.

The only proper question before the jury was, whether the basis of the assessment was upon the frontage of the lots, and the evidence on that question was the roll itself.

The instruction, if erroneous, did no harm, because, under the testimony, no other finding could possibly be made.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This is an appeal from an order of the County Court of Sangamon county, confirming a special tax levied upon the property of the appellants, for the purpose of paying the expense of paving certain streets and alleys of the city of Springfield. This is the second time the case has been before this court. The former appeal was brought by the city of Spring-

field, and was from an order of the county court sustaining certain objections to said tax and ordering the same to be annulled and the proceeding dismissed.   Upon full consideration of the questions then presented, said former order was reversed and the cause was remanded to the county court with directions to allow a certain amendment to the assessment which that court had refused, and for further proceedings in conformity with the views expressed in the opinion delivered upon the decision of that appeal.   *City of Springfield* v. *Green,* 120 Ill. 269.   The cause being reinstated in the county court, said amendment was allowed, and the appellants, at the same time, by leave of the court, filed various other objections to said tax, in addition to those upon which the former hearing was had.    At the subsequent hearing, these, as well as those previously filed, were overruled, and the order from which the present appeal was taken was thereupon entered.

The point is made that the remanding order precluded the filing of further objections or the raising of new issues.   With this view we do not concur.   In so far as the remanding order contained specific directions, the court below had no discretion, but was bound to carry out the mandate of this court.   Such however was not the character of the order, except so far as it directed the allowance of the amendment.   Beyond that, the county court was at liberty to take further proceedings, with this limitation, that in so doing, it should be controlled and guided by the rules of law established by this court in its decision.   That certainly did not preclude the parties from raising questions, if any existed, which had not been submitted to and had not received the consideration of this court.

It should be observed, however, that a very considerable portion, at least, of the objections filed since the decision of the former appeal, are, in substance, but repetitions, with various changes of phraseology, of the identical objections formerly urged, or a statement, in more ample form, and largely by way of argument, of the grounds upon which said objections ,

are sought to be based. It is manifest that a mere change or amplification of the statement of an objection, so long as the objection itself remains in substance the same, can not take it out of the rules of law already established in this case. It is only as to those which are substantively new, that the case is still open for consideration.

The first of the objections recently filed and now insisted upon is, that the ordinance under and by virtue of which said special tax is sought to be enforced, is unconstitutional, illegal and void, the ground of the objection, when shorn of its verbiage, being, simply, that the tax which it imposes is not assessed upon "contiguous property," within the meaning of the constitution. The levy ordered by the ordinance was upon the property "abutting" upon the streets and alleys to be paved, such levy to be in proportion to the frontage of the property on such streets and alleys. The point now made is, that the "abutting property" is not the "contiguous property" upon which section 9 of article 9 of the Constitution permits special taxes for improvements to be levied. While the constitutional question was not discussed in this precise aspect in our former opinion, that aspect of the question was necessarily involved in the decision, and is therefore as completely settled as it would have been if it had been made the subject of special discussion. If this were otherwise doubtful, it becomes very apparent upon examination of the long line of decisions cited in the opinion. In those decisions, the constitutionality of special taxes is considered in all its aspects, including the one above suggested, and is so thoroughly and irrevocably settled as to preclude all further argument.

The next objection is, that the special tax in question has not been legally levied. The point of the objection seems to be, that the provisions of the ordinance are only preliminary to the imposition of the tax, but do not, in legal effect, levy the tax. The ordinance, after ordering the construction of pavements of a certain description upon certain specified streets

and alleys, and providing for the payment of the expense of paving the street intersections and crossings by general taxation, and also for the payment of the expense of paving the right of way of so much of said streets as were included in the right of way of steam, horse or street railway companies by such companies, it provides and directs as follows: "The remainder of the cost of said improvements shall be paid for by special taxation, and for that purpose, a special tax, equal in amount to the whole cost of paving that portion of said streets or parts of streets and alleys, not included in the intersections and crossings aforesaid, nor in the right of way of any steam, horse or street railway company, and the cost of all materials required therefor, and all other expenses connected with the same, including the cost of levying and collecting said special tax, is hereby ordered to be levied, assessed and collected upon and from the real estate, lots, parts of lots and tracts of land abutting upon the line of said streets so ordered to be paved, in proportion to the frontage thereof upon the streets or parts of streets and alleys ordered to be paved as aforesaid."

The ordinance also appointed a committee consisting of three men, and instructed and directed them to make a separate estimate of the cost of paving the several streets, parts of streets and alleys ordered to be paved, including the cost of the labor and materials and all other expenses attending the same, and also a separate estimate of the cost of paving the intersections or street crossings, and report the same to the city council at its next subsequent meeting, or as soon thereafter as might be. It also provided that, upon the filing of the report of said committee and the approval thereof by the city council, the city attorney be directed to file the proper petition in the County Court of Sangamon county, for proceedings to assess that portion of the cost of said improvements required to be raised by special taxation, in the manner provided by article 9, of the general law for the incorporation of cities and villages.

It appears that said committee made its report, and that said report was approved by the city council. A petition was thereupon presented to said county court on behalf of said city by the city attorney, reciting said ordinance, the report of said committee and its approval by the city council, and praying that the cost of said improvements be assessed in the manner provided by law. Upon the hearing of said petition, the court appointed three commissioners to make the assessment, and said commissioners having made the assessment of a special tax upon the abutting property, in accordance with the provisions of said ordinance, and said assessment having been reported to said court, an application was made by said city for the confirmation of said assessment, resulting in the entry of the order brought to this court by the present appeal.

The proceedings in relation to the assessment and levy of said special tax seem to have been conducted in substantial conformity with the provisions of article 9 of the general law in relation to the incorporation of cities and villages, and we are therefore unable to see any force in the objection to said proceedings raised by the appellants. There can be no doubt we think of the sufficiency of the ordinance. As we said in *City of Sterling* v. *Galt*, 117 Ill. 11: "When the cost of a local improvement is to be raised in whole or in part by special taxation, the ordinance itself must either state the sum or give the data by which the commissioners can fix the amount to be raised, and when so fixed and ascertained, in conformity with the ordinance, it is conclusive on the property owners. In such case, the municipal authorities, by ordinance, practically fix and determine in advance the amount the property specially benefited is to pay, and the amount thus fixed is not open to review. This being done, all the commissioners have to do is to so assess the property benefited as to raise the required sum." We are of the opinion that the ordinance in the present case was a compliance with all the requirements of the rule as above stated. It fixed the total tax to be levied, viz.,

the total cost of the improvement, not including the cost of paving street intersections and the right of way of railway companies, and provided for its assessment upon the abutting property in proportion to frontage. If it be said that the amount of the tax can not be regarded as being definitely fixed until the total cost of the improvement is ascertained, it may be answered that the statute provides for the ascertainment of such cost after the passage of the ordinance, viz., by a committee, and that mode was pursued in this case. It may be further observed that assessments of special taxes by ordinances substantially like the one in this case have been repeatedly sustained by this court. *Enos* v. *City of Springfield,* 113 Ill. 65; *Wilbur* v. *City of Springfield,* 123 id. 395.

The only remaining question pressed upon our attention relates to the decision of the court overruling the appellants' motion for a new trial. It is urged that said motion should have been granted, first, because of an erroneous instruction given to the jury at the instance of the city, and second, because the verdict was contrary to the evidence. Some complaint in this connection is made of the rulings of the court in admitting evidence on behalf of the city.

Objection was made to the admission of the ordinance in evidence before the jury, the objections urged being in substance the same already considered. Said objections being, as we have seen, without foundation, there was no error in overruling them. Objection was also made to the admission of the assessment roll, the grounds of objection urged being, that it failed to show an assessment upon all the property "in contiguity" with the proposed improvement; and also that the commissioners had no power or authority under the law to levy any special assessment. The first of these objections has already been shown to be groundless, and all that need be said in relation to the second is, that as there was a valid ordinance imposing the special tax, the authority of the commissioners

to make the assessment was clearly given by the statute.    It
follows that these objections also were properly overruled.

The evidence offered on behalf of the appellants consisted
of the evidence of six witnesses, who testified that, in their
opinion, the property of the appellants was assessed more than
it should be, or, in other words, that the tax on their property
was more than their just proportion of the entire cost of the
improvement.    These witnesses all admit, however, in sub-
stance, that the tax was levied on the appellants' property in
proportion to its frontage upon the streets to be improved.
The inequality therefore of which these witnesses complain
was based, not upon the frontage of the property assessed, but
upon its superficial area, its value, or the amount of the bene-
fits resulting to it from the proposed improvement.    It is clear
that evidence of this character was wholly immaterial.    It had
no tendency to show that any of the appellants' property was
assessed more than its just proportion basing the estimate
upon its frontage, and that was the only inquiry properly open
to the appellants.    For instance, they might have shown, if
they could, that any particular property assessed had a smaller
frontage than that estimated by commissioners, and that the
assessment was therefore too high, but the testimony offered
had no such tendency.    It was in the nature of an attack upon
the policy of the Constitution and statutes authorizing the
levying of special taxes upon contiguous property, rather than
upon the accuracy or fairness of this particular assessment.
The evidence then offered by the appellants being wholly im-
material, there could be no question before the jury as to the
preponderance of the evidence.    The assessment roll was *prima
facie* evidence of a valid assessment, and there being no evi-
dence having any legitimate tendency to the contrary, the
only possible verdict was the one given by the jury.

The instruction complained of was, in substance, that the
report of the commissioners was competent evidence, the same
as if the commissioners were upon the stand testifying to the

facts therein stated. It is unnecessary for us to determine whether this instruction was proper or not. The commissioners' report was undoubtedly *prima facie* evidence, and as there was no material evidence tending to rebut it, the instruction, if erroneous, can have wrought no prejudice to the appellants. Had the jury been properly instructed, or had they been permitted to consider of their verdict without instruction, we can not presume that any different result would have been reached.

We are of the opinion that there is no material error in the record, and the order of the county court confirming the assessment will be affirmed.

*Order affirmed.*