HARRIS et al. v. HAMILTON et al. *
(No. 6975.)

(Court of Civil Appeals of Texas. Galveston. March 4, 1916. Rehearings Denied April 6, 1916.)

1. VENDOR AND PURCHASER &ggr;245 — BONA FIDE PURCHASER — NOTICE — QUESTION FOR JURY.

Whether a grantee who knew that the consideration mentioned in the deed to his grantor had not been paid, and that the deed had not been recorded, was chargeable with notice that the deed was intended as a mortgage, *held* for the jury under the evidence.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 612; Dec. Dig. &ggr; 245.]

2. VENDOR AND PURCHASER &ggr;244—NOTICE TO GRANTEE—SUFFICIENCY OF EVIDENCE.

Where a grantee took land with knowledge that the cash consideration mentioned in the deed under which his grantor held had not been paid, and that the deed had not been recorded, evidence *held* sufficient to sustain a verdict that he took with the notice that the deed to his grantor was intended as a mortgage.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 609–611; Dec. Dig. &ggr;244.]

3. APPEAL AND ERROR &ggr;843(2)—REVIEW— MATTERS NOT NECESSARY TO DECISION.

In view of the finding of the jury that a defendant was chargeable with notice of the true character of a deed under which his grantor held title, the admission of testimony tending to show that he did not have notice is immaterial, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3331; Dec. Dig. &ggr;843(2).]

4. APPEAL AND ERROR &ggr;843(2) — REVIEW — MATTERS NOT NECESSARY TO DECISION.

In view of the finding of the jury that defendant was chargeable with notice of the true character of a deed under which his gran-

tor held title, the refusal of a special instruction on this issue is immaterial, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3331; Dec. Dig. ☞843(2).]

5. SUBROGATION ☞14(3) — PURCHASERS OF INCUMBERED PROPERTY.

Where the grantee of land who took with notice that the deed to his grantor was intended as a mortgage, paid one of the secured notes given by his grantor in the hands of an innocent holder, he was entitled to be subrogated to all the rights of the innocent holder.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 38; Dec. Dig. ☞14(3).]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Suit by Mrs. Ida Harris against A. D. Hamilton and others, in which H. B. Short and others were impleaded by the original defendants. From the judgment, the plaintiff and interveners appeal. Affirmed.

W. F. Goodrich, J. W. Minton, and E. P. Padgett, all of Hemphill, and D. M. Short & Sons, of Center, for appellants. Carter & Walker, of Center, and Hamilton & Hamilton, of Hemphill, for appellee Beaver A. Hamilton. W. R. Cousins, of Hemphill, for appellee King.

PLEASANTS, C. J. This suit was brought by Mrs. Ida Harris against A. D. Hamilton, Beaver A. Hamilton, and W. W. King for the purpose of having a certain instrument executed by plaintiff and others in the form of a deed declared to be a mortgage, and for recovery of the title and possession of land described in the petition and conveyed by said instrument. Plaintiff further sought the cancellation of two deeds executed by defendant King conveying the property in controversy. In the alternative plaintiff prayed judgment for damages against the defendant W. W. King, the grantee in one of said instruments, in the sum of $2,000, on the ground that he had fraudulently appropriated to his own use the land conveyed by said instrument and had conveyed same to an innocent purchaser. The defendants answered by general and special exceptions, general denial, and special pleas, the nature of which, as far as may be necessary for the purpose of understanding the questions presented and decided on this appeal, will be hereinafter stated. H. B. Short, Mattie W. Short, Willie Wetherred, Maggie B. Wetherred, and James P. Wetherred, who, with appellant Ida W. Harris, had executed the deed sought to be declared a mortgage, but which in form was a deed of general warranty, were impleaded on their warranty by the original defendants. These warrantor defendants adopted as their own the allegations of plaintiff's petition, and offered to pay each of the original defendants all of the money paid by them for the land if they would reconvey same to them and plaintiff.

Succinctly stated as may be, the facts disclosed by the record and set out in the pleadings are as follows:

The plaintiff and the defendants Mattie W. Short, Maggie B. Wetherred, Willie W. Wetherred, and James P. Wetherred are the children of W. W. Wetherred and Eliza Wetherred, both deceased. The property in controversy, which is situated in or near the town of Hemphill, in Sabine county, was the homestead of said W. W. and Eliza Wetherred, both of whom died prior to 1898. After the death of her father and mother plaintiff, with the consent of her brother and sisters, in 1901 established her homestead, she having previously intermarried with H. G. Harris, upon a tract of 6.4 acres, which was a part of the homestead of her deceased parents. The remainder of the old homestead was occupied for a number of years by plaintiff's unmarried sisters. Some time prior to May 15, 1911, H. G. Harris abandoned plaintiff, and she thereafter went to live with her brother, James P. Wetherred, who resided in the town of Bronson, in Sabine county. Prior to said date last mentioned plaintiff's sisters had also left the old homestead, but it was occupied by tenants. Defendant Mrs. Mattie W. Short, who had married prior to the death of her parents, claimed no interest in the homestead property, but had never executed a deed conveying her apparent interest. This was the status of the title and possession of the property on May 15, 1911, on which date all of before-named children of W. W. and Eliza Wetherred, together with defendant H. B. Short, joined in a deed of general warranty conveying all said property to defendant King, except one block in the town of Hemphill, which had been previously conveyed, and is not in controversy in this suit. This deed recites a consideration of $4,000, $1,000 cash, and two notes for $1,500 each, payable respectively in one and two years from date, to James P. Wetherred or order, with interest at the rate of 8 per cent. per annum. The undisputed evidence shows that this deed was executed for the purpose of enabling defendant James P. Wetherred to obtain money on said notes with which to engage in business at the town of Crosby, in Liberty county. The $1,000 was not paid, and it was never contemplated that it or the notes should ever be paid, by the defendant King. He had nothing to do with procuring the execution of the deed, and consented to take the title to the land and execute the notes for the sole purpose of assisting his friend, James P. Wetherred, to procure money on the property. This fact was known to all of the parties to the deed. There seems to have been an understanding between the parties that James P. Wetherred would only negotiate one of these notes. This deed was not put on record until July 9, 1912, and the possession of the

property remained the same; the tenants continuing to pay rent to the Misses Wetherred. On March 6, 1912, King sold the property, except the 6.4 acres which had been theretofore set apart to plaintiff, Mrs. Ida Harris, to defendant A. D. Hamilton. The consideration for this sale was $2,500, $500 cash, a note for $500 executed by Hamilton, and the assumption by Hamilton of the first of the $1,500 notes before mentioned. The evidence sustains the finding that this sale was made with the knowledge and consent of the Wetherred children. The note for $500 and the $500 in cash received by King from Hamilton was sent by him to James P. Wetherred. The $500 in cash was sent by James P. Wetherred to his sister, Maggie. It was understood between defendant King and James P. Wetherred that the portion of the property that had been set aside to Mrs. Ida Harris would be held responsible for the second of the $1,500 notes, and that this note would be canceled by James P. Wetherred, and Mrs. Harris' land reconveyed to her. When King sent the $500 in cash and the $500 received by him from A. D. Hamilton to James P. Wetherred, he also sent him a deed by which King conveyed to Mrs. Harris her portion of the property, and requested him, upon the cancellation of the outstanding $1,500 note, to deliver said deed to Mrs. Harris. This deed recited that it was executed in consideration of the surrender of the $1,500 note. Both of these $1,500 notes were sold by James P. Wetherred before their maturity to purchasers who obtained them in due course of trade without any notice of the circumstances and conditions attending their execution. Each of these notes recited that it was given in part payment of the purchase money of the land described in the deed from the Wetherred heirs to King, before mentioned, and that a vendor's lien was retained on said land to secure the payment of the notes. The first of these notes was paid off by A. D. Hamilton after his purchase from King. The second note, which had been sold by James P. Wetherred to Wm. D. Cleveland & Sons, was due and unpaid on June 9, 1913, and was held for collection by a bank in Hemphill.

The deed from King to Mrs. Harris, before mentioned, had not been delivered to her by James P. Wetherred, and King, being unable to induce James P. Wetherred to protect him against the payment of this outstanding note, on the date last mentioned conveyed the 6.4 acres of land to Beaver A. Hamilton in consideration of the sum of $1,720, the amount then due upon the note held by Cleveland & Sons. The consideration recited in this deed was paid at the time the deed was executed. The amount was paid by A. D. Hamilton, but was paid for Beaver A. Hamilton, and the latter gave his note to the former for said sum. This money was used in discharging the Cleveland note.

The defendant King had no communication with any of the Wetherred heirs other than James P. Wetherred in regard to any of his transactions concerning this land, but believed that James P. Wetherred was acting for all of the heirs in all of the agreements between him and said defendant concerning the land in controversy.

The cause was submitted to a jury in the court below upon special issues. The jury found that A. D. Hamilton had no notice at the time he purchased from defendant King that the deed to King from the Wetherred heirs was intended as a mortgage, and that $2,500, the amount paid by said Hamilton, was the value of the property at the time he purchased. They further found that Beaver A. Hamilton did not know at the time he purchased that the deed to King was a mortgage, but that he had knowledge of facts sufficient to put a reasonably prudent man upon inquiry which, if pursued with reasonable diligence, would have led to the discovery that said deed was intended as a mortgage. They also found that the value of the property purchased by Beaver A. Hamilton at the time of said purchase was $2,000.

Upon these and other findings of the jury, which it is unnecessary to set out, the court rendered judgment in favor of defendant A. D. Hamilton against the plaintiff and the other Wetherred heirs, hereinbefore named, for the title and possession of the land purchased by him from King. Judgment was also rendered in favor of plaintiff against defendants A. D. Hamilton, Beaver Hamilton, and W. W. King for the title and possession of the land claimed by her, subject, however, to a vendor's lien in favor of Beaver A. Hamilton to secure the payment of the amount due upon the Cleveland note, less the sum of $180, which the court found to be the reasonable rental value of the property for the time it had been in the possession of said defendant.

It was further adjudged and decreed that defendant Beaver A. Hamilton be subrogated to the rights of Cleveland & Sons, and that the vendor's lien given to secure the payment of said $1,500 note be foreclosed, and an order of sale issue in favor of said Beaver A. Hamilton directing the sale of said land in payment of the amount due upon said note, less the credit of $180 above mentioned. It was further adjudged that plaintiff take nothing on her claim for damages against the defendant King, and that James P. Wetherred, Maggie B. Wetherred, Willie W. Wetherred, H. B. Short, and Mattie Short take nothing by their plea in intervention.

From this judgment the plaintiffs, Mrs. Harris and the other Wetherred heirs above named, who are designated in the judgment of the trial court and the briefs filed herein, and will be hereinafter designated, as interveners, have appealed.

We shall not set out in this opinion each of the 17 assignments of error and the numerous propositions submitted thereunder

in the briefs filed by appellants, which contain more than 100 pages of printed matter. To discuss these assignments and propositions separately would serve no useful purpose and would extend this opinion to an unreasonable and unnecessary length. The writer, speaking with the approval of this court, has heretofore (Christensen v. Christiansen, 155 S. W. 995) expressed condemnation of the useless and unnecessary length of many of the briefs filed in this court. So far from retracting, we would emphasize what was said in the opinion above cited in regard to the unnecessary length of briefs, but we must admit that our appellate courts have all been more or less guilty of incumbering the record and burdening the profession with opinions of unnecessary length. The writer is fully convinced that our appellate courts often write more than is necessary or useful, and that the courts should, as far as is permissible under the statute, curtail the number and length of their written opinions.

[1, 2] The first two assignments of error presented in the briefs of appellants complain of the ruling of the trial court in permitting each of the defendants A. D. and Beaver Hamilton to testify that at the time he purchased the land in controversy he had no notice of the fact that the deed under which their vendor King held title was intended as a mortgage.

The proposition under the first assignment, which complains of the ruling of the court in permitting the defendant A. D. Hamilton to testify as above stated, is as follows:

"One who purchases land apparently held only by an equitable title, knowing that none of the purchase money has been paid, and that instrument by which his vendor claims is unrecorded, with the possession of the property remaining still with the original grantors, must look to the title papers under which he buys, and being charged with all the facts appearing upon their face, and the knowledge of which anything there appearing will conduct him, cannot claim to be an innocent purchaser of such property, in consequence of which to admit testimony under such circumstances tending to show that he was without such knowledge constitutes material error."

While the evidence shows that A. D. Hamilton knew before he purchased the land from King that the $1,000 cash consideration recited in the deed to King had not been paid, and that the deed to King had not been recorded, these facts would not, as a matter of law, charge him with notice of the fact that the deed to King was intended as a mortgage, nor put him upon inquiry as to the true character of said conveyance. We think the question of whether A. D. Hamilton was chargeable with notice of the true character of the deed under which King claimed title was properly submitted to the jury, and that the verdict of the jury upon this issue is sustained by the evidence.

[3] In view of the finding of the jury that the defendant Beaver A. Hamilton was chargeable with notice of the true character of the deed under which King held title, the question presented by the second assignment of error is immaterial.

The third and fourth assignments of error, which complain of the charge of the trial court, as interpreted by the proposition thereunder, only raise the question of whether the defendant A. D. Hamilton should, as a matter of law, upon the facts before stated, be charged with notice of the character of the deed under which King held title. In passing upon the first assignment of error we have answered this question in the negative.

The fifth, sixth, and seventh assignments of error are without merit, and are overruled without discussion.

[4] The eighth assignment, which complains of the refusal of the court to give a special instruction requested by appellants upon the issue of whether the defendant Beaver A. Hamilton was chargeable with notice of the character of King's title, presents a question wholly immaterial in view of the finding of the jury that said defendant was chargeable with such notice.

None of the remaining assignments of error point out any error that would authorize a reversal of the judgment.

[5] We think the court properly held that Beaver A. Hamilton was entitled to be subrogated to the rights of Cleveland & Sons to subject plaintiff's property to the payment of the $1,500 note. Cleveland & Sons, having purchased the note before maturity, without any notice of any defects which would prevent the enforcement of the lien, were clearly entitled to have the land sold for the payment of the note. The money paid by Beaver A. Hamilton for the land having gone to the discharge of this note, he should be subrogated to all the rights of the innocent holder of the note.

The judgment of the court in favor of the defendant King is sustained by all of the evidence. There is nothing in the record that raises the issue of fraud or bad faith on his part.

All of the assignments of error have been considered, and none of them, in our opinion, should be sustained.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.