### HARRIS et al. v. HAMILTON et al.
#### (No. 111–2958.)

(Commission of Appeals of Texas, Section B. May 12, 1920.)

1. **Homestead** &#8258;118(2)—**Husband and wife** &#8258;169(2)—**Deserted wife may mortgage her separate property, including her homestead.**

A married woman who has been abandoned by her husband may mortgage her separate property, whether her homestead or not, without a joinder of her husband.

2. **Tenancy in common** &#8258;47—**Accommodation mortgagors entitled to require resort to interest of accommodation owner.**

Where persons jointly interested in land, as an accommodation for one of the joint owners, mortgaged the land, the accommodation mortgagors are entitled to require the holders of notes to resort first to the interest of the accommodated mortgagor in the property.

3. **Bills and notes** &#8258;49—**Accommodation maker entitled to have security applied to payment.**

Where several persons jointly interested in property transferred the property to a third person, who executed notes, the transaction being for the accommodation of one of the grantors, the grantee, upon the deed of conveyance being declared a mortgage, was entitled to have the entire property applied to payment of the notes before being required to respond personally thereon.

4. **Vendor and purchaser** &#8258;232(9)—**Possession by tenant is constructive notice of rights.**

Generally possession of land affords constructive notice of rights of party in possession, and this is equally true where the possession is by tenant.

5. **Vendor and purchaser** &#8258;232(5, 6)—**Purchaser with knowledge of character of possession of remote grantor has constructive notice of rights.**

Where a purchaser of land has actual knowledge that the possession of his vendor's grantor is not "by sufferance of the grantee," but is by virtue of some right remaining in such grantor inconsistent with the terms of his deed, he has constructive notice of the rights of such grantor.

6. **Subrogation** &#8258;14(4) — **Purchaser from grantee entitled to be subrogated to grantee's rights upon payment of vendor's lien notes.**

Where a deed was declared a mortgage, purchaser from the grantee, who had constructive notice of rights of original grantors, and hence was not an innocent purchaser, is entitled to be subrogated to the rights of original grantee to require the property to be subjected to vendor's lien notes in the hands of a third party, and upon the payment of such notes is entitled to enforce the lien against the property to the extent that he had to pay the notes, with interest, and to a lien on the land for taxes paid, with legal interest.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Mrs. Ida W. Harris and others against A. D. Hamilton and others, in which A. D. Hamilton and others were interpleaded by original defendants. From a judgment of the Court of Civil Appeals (185 S. W. 409) affirming an adverse judgment, the plaintiff and interveners bring error. Reversed and remanded, with instructions.

W. F. Goodrich, J. W. Minton, and E. P. Padgett, all of Hemphill, and D. M. Short & Sons, of Center, for plaintiffs in error.

Carter & Walker, of Center, Hamilton & Hamilton, of Hemphill, and Black & Smedley, of Austin, and Oliver J. Todd, of Beaumont for defendants in error.

McCLENDON, J. This suit was for the purpose of declaring a certain deed to real estate to be a mortgage, and to declare such mortgage void as to a portion of the land conveyed, as being the homestead of Mrs. Ida W.

---

Harris. Defendants below claimed to be innocent purchasers.

The facts material to the controversy, as found by the answers of the jury to special issues, and aided by uncontradicted testimony, are substantially as follows: The property in controversy was a part of the original homestead tract of W. W. Weatherred and wife, and was their community property. They both died intestate some years prior to 1911, leaving six children: The plaintiff Mrs. Ida W. Harris, who some years previously had been permanently abandoned by her husband, the interveners, Mrs. Mattie Short, and Maggie and Willie Weatherred, unmarried daughters, and James P. Weatherred, and Mrs. Anna Pratt, who had previously been settled with and was not interested in the land involved in the suit. A portion of the original homestead tract had been set aside to Mrs. Short, but the partition deed had been lost. The property involved was in fact owned on the 15th day of May, 1911, by Mrs. Harris, Misses Maggie and Willie Weatherred, and James P. Weatherred. Some years prior thereto Mrs. Harris, with the consent of the other heirs, had built a home on a portion of the tract, which she had occupied as a homestead for many years; but no deed had been made to her. On May 15, 1911, Mrs. Harris, Mrs. Short and husband, Misses Maggie and Willie Weatherred, and James P. Weatherred executed a general warranty deed conveying the property to W. W. King, for the recited consideration of two notes of $1,500 each, secured by vendor's lien upon the property, executed by King, and payable to the order of James P. Weatherred, and $1,000 in cash. Mrs. Short and husband had no interest in the property, but joined in the deed as a matter of form. This deed was not placed of record until after the rights of the parties to the suit had become fixed. The circumstances under which this deed was executed were that James P. Weatherred wished to engage in business and desired to raise money, and the purpose of the deed was to accommodate him in raising the money by negotiation of one of the notes. King paid none of the cash consideration expressed in the deed, but executed the vendor's lien notes as an accommodation to James P. Weatherred. The portion of the property upon which the home of Mrs. Harris was situated remained in the possession of Mrs. Harris, through tenants, she collecting the rent thereon; and the remainder of the tract remained in the possession of interveners, through tenants, they collecting the rent in the same manner until some time after March, 1912. James P. Weatherred negotiated note No. 1 to a bank, and note No. 2 to a firm in Houston; they having no knowledge of the circumstances under which the deed was executed. On March 6, 1912, defendant A. D. Hamilton purchased all that portion of the property, except Mrs. Harris' homestead, from King, taking a general warranty deed thereto; the consideration being that he assumed note No. 1 and paid an additional $1,000. This was paid to King, $500 in cash and a $500 note, not secured by a lien; the cash and note being turned over by King to James P. Weatherred, who later collected the note. At the time of this purchase A. D. Hamilton knew that the interveners were in possession, through tenants, and collecting the rent, and testified that he was told by King that the reason of such possession was that King had not paid the $1,000 stated as part of the consideration in the deed to him, and that he had agreed with grantors that they should collect the rent in lieu of interest until he should pay the $1,000, and that it was understood that Hamilton was to permit the grantors to collect the rent for the balance of the year 1912. At the time of executing this deed from King to Hamilton King also executed a deed to Mrs. Harris, conveying to her her homestead tract; the consideration stated in the deed being the cancellation of note No. 2. This deed, King testified, was placed with James P. Weatherred, to be delivered to Mrs. Harris upon payment of note No. 2, upon which King was liable as maker. A. D. Hamilton knew of the execution of this deed and of the alleged agreement under which it was delivered to Weatherred for Mrs. Harris at the time he purchased the remainder of the tract from King. The jury found that Weatherred did not represent Mrs. Harris in this transaction, and that no agreement was made that note No. 2 should be canceled as a consideration for the deed to Mrs. Harris.

On the 9th day of June, 1913, defendant Beaver A. Hamilton, a son of A. D. Hamilton, purchased the Ida Harris homestead tract from W. W. King by general warranty deed, the consideration expressed being the assumption of note No. 2; and Beaver A. Hamilton at the same time paid off and took a release to note No. 2. In the transaction Beaver A. Hamilton was represented by A. D. Hamilton, who furnished the money to take up note No. 2, and who testified that in so doing he was influenced by the fact that note No. 2 constituted a lien upon the balance of the property which he had previously acquired from King. The jury found that Beaver A. Hamilton was not an innocent purchaser as to the Ida W. Harris tract, but that A. D. Hamilton was an innocent purchaser as to the remainder of the property bought by him. The jury found that James P. Weatherred was the agent of Mrs. Harris in the transaction which resulted in the execution and delivery of the deed of May 15, 1911, and further that none of the interveners knew or consented to the sale by King to A. D. Hamilton. Upon the verdict of the jury, judgment was rendered in favor of A. D. Hamilton for the property acquired by him in the deed from King, and in favor of Mrs. Harris for

her homestead tract, charging said tract, however, with note No. 2. This judgment was affirmed by the Court of Civil Appeals, First District. 185 S. W. 409.

[1-3] It is not denied that the two vendor's lien notes constituted a valid lien upon the property conveyed to A. D. Hamilton; nor is it denied that such notes constitute a lien upon Mrs. Harris' property, except for her incapacity to create such lien by virtue of its being her homestead. The contention that she could not create such lien is grounded upon the proposition that a married woman who has been abandoned by her husband cannot create a valid lien upon her separate property which at the time constitutes her homestead. While this exact question has not been determined, we believe her power to create such lien necessarily follows from her power to sell her separate property, whether homestead or not, without the joinder of her husband, after she has been permanently abandoned by him. The power to convey necessarily includes the power to mortgage, in the absence of some constitutional or statutory inhibition. It has been repeatedly held in this state that a married woman, after being permanently abandoned by her husband, can convey her separate property, whether her homestead or not, without the joinder of her husband. Hector v. Knox, 63 Tex. 613; Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314; Mabry v. Lumber Co., 47 Tex. Civ. App. 443, 105 S. W. 1156. The basis of these decisions is that, while the married relation has not been legally severed, a status is created in the wife, in so far as her property rights are concerned, identical with that of a feme sole, giving her full power over her property the same as if the marital relation did not exist. We therefore conclude that both the notes constituted a valid lien upon all of the property embraced within the deed of May 15, 1911. Upon the execution of that deed, the rights of the parties were that Mrs. Harris and her two sisters, Maggie and Willie Weatherred, being accommodation mortgagors for their brother, James P. Weatherred, were entitled to require the holders of said notes to resort first to the interest of James P. Weatherred in the property. King, being a mere accommodation maker of the notes, was entitled to have the entire property applied to their payment, before being required to respond personally thereon.

[4] The question of leading importance is whether, under the undisputed evidence, A. D. Hamilton was charged with knowledge of plaintiff's and interveners' rights. The general rule is that possession affords constructive notice of the rights of the party in possession; and this is equally true where the possession is by tenant. Watkins v. Edwards, 23 Tex. 443; Glendenning v. Bell, 70 Tex. 632, 8 S. W. 324. In some jurisdictions it is held that an exception to this rule exists where the grantor in a deed absolute in form continues in possession of the premises granted. The basis for the exception is held to be:

"That any subsequent purchaser from the grantee is entitled to rely upon the conveyance purporting to dispose of all the grantor's title, and that consequently he is justified in assuming, without inquiry, that the possession of the grantor is by sufferance of the grantee, and does not indicate the existence of any rights in him." 2 Tiffany's Real Property, p. 1089.

See, also, 23 A. & E. Ency. Law, pp. 502, 503; 39 Cyc. p. 1753.

This exception has been frequently upheld as the law of this state. Eylar v. Eylar, 60 Tex. 315; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293.

This exception has been held not to apply in cases where the grantor himself does not remain in possession of the conveyed premises, but retains possession through his tenant. Randall v. Lingwall, 43 Or. 383, 73 Pac. 1. This holding appears to have been followed by our Supreme Court in Moore v. Chamberlain, 195 S. W. 1135, affirming Chamberlain v. Trammell, 61 Tex. Civ. App. 650, 131 S. W. 227. See, also, Brooker v. Wright (Civ. App.) 216 S. W. 196.

[5] But, aside from this, we do not believe the exception should be held to apply where, as in the present case, the purchaser has actual knowledge that the possession of the grantor is not "by sufferance of the grantee," but is by virtue of some right remaining in the grantor inconsistent with the terms of his deed. In such a case the reason for the exception fails, and the exception should likewise fail.

In the case at bar A. D. Hamilton knew at the time of his purchase that the possession of the grantors was not subordinate to the rights of King as expressed in the deed. He was informed by King that the recited $1,000 cash consideration had not been paid, and that the grantors had the right, under an agreement with King, to collect the rent until the $1,000 was paid. This was actual knowledge that such possession was under a claim of right inconsistent with the terms of the deed, and notice that, to obtain possession, or even the right to possession, their just demands under their possession would have to be satisfied. This knowledge, we think, required of Hamilton that he inquire of those in possession, through tenants, the terms upon which he could, as a purchaser from King, acquire the title and possession of the property. Knowledge that those in possession were there as a matter of right, and were claiming in derogation of the rights of the grantee as expressed in the language of his deed, in our opinion put Hamilton upon inquiry as to the full extent of the claim of the grantors under their possession. Jinks v. Moppin (Civ. App.) 80 S. W. 390.

[6] We conclude that neither A. D. Hamilton nor Beaver A. Hamilton was an innocent

purchaser. They were, however, subrogated to the rights of King to require the property to be subjected to both the notes, and upon payment of said notes they were entitled to enforce the lien against the property, to the extent that they had paid the notes, with 6 per cent. interest on the amount so paid from the date of such payment. They were also entitled to a lien on the land for such taxes as they had paid, with legal interest. As these amounts have not been found by the trial court, it will be necessary that the cause be remanded, in order to ascertain them. A. D. Hamilton, under the warranty from King, is entitled to recover from the latter the amount he paid to King over and above the note assumed by Hamilton.

We conclude that the judgment of the trial court and the Court of Civil Appeals should be reversed, and the cause remanded to the district court, with instructions to ascertain the several amounts necessary to enforce the liens and rights hereinabove found to exist, foreclose said liens, and order the property sold in accordance with the rights of the parties herein found, and award to A. D. Hamilton a judgment against King on his warranty.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the questions discussed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes