### HARRIS et al. v. HAMILTON et al.
### (No. 713.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 17, 1921. Motion for rehearing Nov. 1, 1921. Motion for Rehearing Denied Nov. 23, 1921.)

1. **Appeal and error** ⬤⟳1194(3)—**Decision of Supreme Court held to have disposed of all issues except amount to be recovered.**

An opinion of the Supreme Court that certain parties were not innocent purchasers, but were entitled to recover certain sums the amount of which had not been found by the trial court, and reversing and remanding with instructions to find such amounts, shows that such court regarded as settled all issues except the settlement of those amounts.

2. **Appeal and error** ⬤⟳1212(4)—**After reversal with instructions court cannot retry same issues previously determined.**

Where the Supreme Court reversed a judgment and remanded the case, with instructions to ascertain certain amounts to be recovered by some of the parties, the trial court on receiving the mandate could only obey those instructions, and it properly refused to retry the issues involved in the first trial.

Appeal from District Court, Sabine County; J. T. Adams, Judge.

Suit by Ida W. Harris and others against A. D. Hamilton and others. Judgment for the defendants, and plaintiffs appeal. Affirmed.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

H. B. Short, of Center, and Minton & Lewis, of Hemphill, for appellants.

Hamilton & Hamilton, of Hemphill, for appellees.

O'QUINN, J. This is the second appeal in this case. For opinion of the Court of Civil Appeals on first appeal, see 185 S. W. 409. For opinion of the Supreme Court, see 221 S. W. 273. Both reports contain a full statement of the issues, pleadings, and facts, and we do not deem it necessary to further set them out here, inasmuch as they are the same as stated in the opinion of the Supreme Court, and which we refer to and adopt as the facts found by this court.

[1] The Court of Civil Appeals for the First Supreme Judicial District affirmed the judgment of the lower court on the first appeal, but the Supreme Court, after fully considering same, reversed and remanded the case to the district court with the following instructions:

"We conclude that the judgment of the trial court and the Court of Civil Appeals should be reversed, and the cause remanded to the district court, with instructions to ascertain the several amounts necessary to enforce the liens and rights hereinabove found to exist, and order the property sold in accordance with the rights of the parties herein found, and award to A. D. Hamilton a judgment against King on his warranty."

After having fully discussed the questions of law, as applied to the facts in the case, on said first appeal, the Supreme Court concluded its opinion in these words:

"We conclude that neither A. D. Hamilton nor Beaver A. Hamilton was an innocent purchaser. They were, however, subrogated to the rights of King to require the property to be subjected to both the notes, and upon payment of said notes they were entitled to enforce the lien against the property, to the extent that they had paid the notes, with 6 per cent. interest on the amount paid from the date of such payment. They were also entitled to a lien on the land for such taxes as they had paid, with legal interest. As these amounts have not been found by the trial court, it will be necessary that the cause be remanded, in order to ascertain them. A. D. Hamilton, under the warranty from King, is entitled to recover from the latter the amount he paid to King over and above the note assumed by Hamilton."

It is evident that, if the trial court, in the first instance, had ascertained the amounts mentioned, the Supreme Court would have reversed and rendered the case, but, as these amounts were not found by the trial court, it became necessary to reverse and remand the case in order that they might be ascertained. So the Supreme Court reversed and remanded the case with instructions that, to our minds, substantially finally disposed of the whole case. The pleadings and issues upon the second trial (the instant case) in the district court are the same as on the first trial, and from which the first appeal was taken. This is admittedly so, as shown by the following agreement found in the record, to wit:

"It is agreed that the pleadings of plaintiffs and intervener, as amended on final trial, are identical with their pleadings on former trial and appeal, except that the amount of rents sought to be recovered were increased in the last pleadings, bringing the claim for rent down to the last trial."

Thus it appears that no new issues were raised or tendered in the instant trial. Plaintiffs offered to introduce evidence in support of paragraph 12 of their third amended original petition, which was as to the amount of rents they claimed, which, upon objection, was refused by the court, and this is assigned as error.

[2] Appellants present many assignments of error, but, as we view the record and construe the law, there is but one question necessary to be discussed, namely: Did the trial court err in refusing to retry the issues previously litigated, and in refusing to hear the offered testimony of appellants going to prove rents claimed by them, and which was in issue on the former appeal? In the first appeal the judgments of the district court and the Court of Civil Appeals were reversed by the Supreme Court, and the cause remanded to the trial court with instructions. No motion for rehearing was made in the Supreme Court, or motion to correct or modify the judgment, but the judgment stood without objection by either party, and mandate issued to the lower court. This appeal proposes to litigate the same questions as were in the former appeal; it does not propose any new issue. The judgment of the Supreme Court on these issues on former appeal is res adjudicata. The jurisdiction of the trial court is confined to the carrying out of the mandate of the Supreme Court, and where, as in the instant case, the judgment of the Supreme Court, as we construe it, in effect finally disposes of the case by reversing and remanding with instructions to the trial court, the action of the trial court is limited to the carrying out of said instructions. Harris v. Hamilton (Com. App.) 221 S. W. 273; Tourville v. Wabash Ry. Co., 148 Mo. 614, 50 S. W. 300, 71 Am. St. Rep. 650; Chambers v. Hodges, 3 Tex. 529; Kendall v. Mather, 48 Tex. 596; Crane v. L. & H. Blum, 56 Tex. 325; Lowell v. B. H. & Co., 58 Tex. 562; Wells v. Littlefield, 62 Tex. 28; Frankland v. Cassaday, 62 Tex. 418; Adams v. Fisher, 75 Tex. 657, 6 S. W. 772; R. C. L. vol. 2, § 244, p. 289; Corpus Juris, vol. 4, § 3265, p. 1213, and section 3271, p. 1221; Southard v. Russell, 16 How. 547, 14 L. Ed. 1052; Wright v. Gorman-Wright Co., 152 Fed. 408, 81 C. C. A. 534; Jenkins v. Guarantee Trust &

Safe Deposit Co., 55 N. J. Eq. 798, 38 Atl. 695; Boggs v. Willard, 70 Ill. 315, 22 Am. Rep. 77; Cowdery v. L. & S. F. Bank, 139 Cal. 298, 73 Pac. 196. 96 Am. St. Rep. 115; Argenti v. San Francisco, 30 Cal. 467; Heinlen v. Martin, 59 Cal. 182; Green v. City of Springfield. 130 Ill. 519, 22 N. E. 602.

For the trial court to have retried all the issues, as contended for by appellants, would have been to have ignored and set aside the judgment of the Supreme Court. Judge Moore, in Kendall v. Mather, 48 Tex. 597, says:

"The assumption by the district court of the right to disregard and set aside the judgment of this court is evidently in palpable and direct conflict with its jurisdiction, and has not even the color of authority for its support or justification. However foreign this may have been from the intention of the judge, as we have no doubt it was, his action in thus disregarding its mandate was a contempt of this court, and a virtual denial and repudiation of its appellate power and jurisdiction."

Judge West, in Lowell v. B. H. & Co., 58 Tex. 562, says:

"The assignments of error are evidently intended to bring in review the correctness of the judgment of this court rendered at a former term in this case. We are not aware of any precedent that would authorize such action on our part. No case has been cited in which such a course has been pursued, and we know of none."

He further says:

"No portion of this record is now properly before us for review on this appeal, except the action of the district court had since the mandate of this court was there filed. That action was in strict compliance with the directions of the mandate, and the judgment of the district court, in effect refusing to disregard the directions of this court, is affirmed."

In Jenkins et al. v. Guarantee Trust & Deposit Co., 55 N. J. Eq. 798, 38 Atl. 695, it is said:

"If the decree now before us wrongly determines the rights of the parties, it is because of the erroneous conclusion reached by this court, and our instructions to the Court of Chancery based thereon. For such an error this court alone is responsible, and alone can correct it. And the only method by which relief from such an error can be obtained is by petition to this court for a rehearing. To say that a decree of the Court of Chancery, entered in conformity to the mandate of this court, can be reversed on appeal, is tantamount to saying that this court is at liberty to set at naught our instructions, and to make a decree in accordance with its own views, whenever it is convinced that the conclusions reached by us are erroneous."

Green v. City of Springfield, 130 Ill. 519, 22 N. E. 602, holds that—

"In so far as the remanding order contains specific directions, the court below had no discretion, but was bound to carry out the mandate of this court."

This appeal is substantially no more than an application for a rehearing of the questions determined on the first appeal. The pleadings and the facts are the same. The trial court strictly followed the directions of the mandate of the Supreme Court. Whether the decision of the Supreme Court be right or wrong, rehearings cannot be had in this manner. Burke v. Mathews, 37 Tex. 73. When the trial court follows the instructions of the appellate court, the judgment should be affirmed.

Judgment affirmed.