## HAMILTON et al. v. HARRIS et al.
### (No. 1046.)

(Court of Civil Appeals of Texas. Beaumont. June 25, 1924. Rehearing Denied May 12, 1926.)

Judgment ⟨⟩⟶560—Where judgment for defendants was in accord with opinion and mandate of Supreme Court, trial court erred in not sustaining defendants' plea of res judicata in subsequent case involving same issues and parties.

   Where in suit for rental value and possession of certain land judgment for defendants entered by trial court was in accordance with opinion and mandate of Supreme Court, defendants' plea of res judicata in a subsequent suit involving same parties and same issues should have been sustained.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Suit by Ida W. Harris and others against A. D. Hamilton and others, wherein defendants filed a cross-action. From a judgment for plaintiffs, defendants appeal. Judgment affirmed in part, and reversed and rendered in part.

See, also, 221 S. W. 273; 234 S. W. 684.

Hamilton & Hamilton, of Hemphill, and Kennerly, Williams, Lee & Hill, of Houston, for appellants.

Mooney & Smith, of Woodville, and F. Campbell, of Livingston, for appellees.

HIGHTOWER, C. J. The appellants, A. D. and B. A. Hamilton, prosecute this appeal from a judgment against them in favor of the appellees, Ida W. Harris and others, for $656.67, with interest on that amount from April 18, 1923, at the rate of 6 per cent. per annum, which the trial court found to be the rental value of several small tracts of land, some of them improved and others not, from the 20th day of October, 1918, to March 6, 1923. The land itself was awarded by the judgment of the court to the appellants, who were the defendants, on their cross-action.

The land the rental value of which was sued for was owned by the appellees up to the 6th day of March, 1923, on which date the appellees conveyed it to appellants in satisfaction of certain liens and charges against it in favor of appellants. Appellants, however, had been in possession of the land since about June 12, 1913, and had appropriated to themselves its rental value without the consent and over the protest of the appellee. During the time that possession of the land was withheld by appellants, there were pending suits by the appellees to recover the title and possession of the land and its rental value. The first suit was filed in 1913, and was tried in 1914, and judgment was appealed from, but was affirmed by the Court of Civil Appeals for the First district, and the opinion of that court is reported in 185 S. W. 410, to which we refer as showing the nature and origin of the controversy between the parties in that suit. On writ of error to the Supreme Court in that suit, the judgments of both the trial court and the Court of Civil Appeals were reversed, and the cause was remanded by the Supreme Court to the trial court, with instructions as to the judgment that the trial court should render and enter. The opinion of the Supreme Court in that suit will be found in 221 S. W. 273, to which we refer as a further showing of the facts and history of this controversy between the parties, who are the same here as they were there, with an admittedly immaterial exception.

After the mandate of the Supreme Court in the former suit was filed in the trial court, the appellees here, who were plaintiffs there, amended their petition, and again sought recovery against the Hamiltons, appellants here and defendants there, for the possession and rental value of the land in controversy, claiming the right to recover all rent that had

accrued up to the date of the amendment. When the case was again reached for trial, the court rendered and entered judgment as directed, and instructed by the Supreme Court, and denied the plaintiffs recovery for possession of the rental value of the land in any amount, the trial court sustaining a plea of res adjudicata interposed by the Hamiltons. From that judgment the plaintiffs, appellees here, appealed to this court, and we sustained the trial court's ruling and affirmed the judgment. We reached the conclusion on that appeal that the trial court was bound to render judgment as it did, because so instructed by the Supreme Court, and that it had no authority or jurisdiction to do otherwise, as we interpreted the opinion and directions of the Supreme Court. The opinion of this court on that appeal is reported in 234 S. W. 684, and is here referred to as showing the reasons for our conclusions in that case. The appellants in that case, appellees here, applied for a writ of error to have our action reviewed, but the application was dismissed by the Supreme Court for want of jurisdiction.

In October, 1920, the present suit was filed by the appellees, in which they again asserted their right to the possession of the land in controversy and to recover its rental value from the date they were dispossessed by appellants in June, 1913, and by amendment sought to recover such rental value up to March 6, 1923, when they conveyed the land to appellants.

Appellants after a general demurrer and general denial, interposed a plea of res adjudicata, based upon the judgments of the trial court, this court, and that of the Supreme Court in the former suit between the parties, to which we have above referred. By cross-action appellants sought recovery of the land, which, as we have shown, was conveyed to them in the meantime. The trial court declined to sustain the plea of res adjudicata, and upon the verdict of the jury ascertaining the rental value of the land from October 20, 1918, rendered judgment in favor of appellees therefor.

The first assignment complains of the trial court's refusal to sustain the plea of res adjudicata. It was concluded by us on appeal of the former suit (234 S. W. 684), that the trial court properly construed the opinion of the Supreme Court and complied with the order and directions of the Supreme Court in the judgment rendered. If we were correct in our opinion on the former appeal, it necessarily follows that the trial court was in error in this case in refusing to sustain the plea of res adjudicata interposed by appellants, and that its judgment in favor of appellees for rents must be reversed and rendered.

The able counsel who appear on the brief for appellees earnestly and ably insist that we were in error in our opinion on the former appeal and that we should now overrule it. Their able and zealous presentation of their contention has caused us to again carefully consider the question of res adjudicata as it arises in this case, and to review our former holding on the question. After doing so, however, we have again concluded that our former opinion was correct in its interpretation of the Supreme Court's opinion and its specific direction and order to the trial court as to the judgment to be rendered between the parties in the former suit. And since the subject-matter and parties and the issue to be determined are the same here as they were in the former suit, it follows that it is our opinion that the trial court was in error in refusing to sustain the appellant's plea of res adjudicata, and that its judgment on that issue must be reversed and rendered.

It is therefore the opinion and judgment of this court that the trial court's judgment in this case should be and is affirmed in so far as it awards to the appellants the land in controversy, but that it should be reversed in so far as it awards to appellees recovery for rents, and judgment should be here rendered and entered in favor of appellants on that issue, and such is the order and judgment of this court.

Affirmed in part, and in part reversed and rendered.