75   649
84 _ 449

---

### ANGELINA LOVE V. C. R. BREEDLOVE.

#### No. 2752.

**1. Conveyance of Homestead — Secret Trust.**—Love and wife, by deed duly acknowledged, conveyed their homestead to Porter. Porter executed a deed of trust for the land, under which the land was sold to Breedlove, who did not have any knowledge of the transaction save as shown by the deeds, although Love and wife still resided upon the lot. *Held*, when the wife resisted suit for recovery of the lot upon the ground that she and her husband had intended their deed to Porter only as a mortgage, that as Breedlove was an innocent purchaser without notice of the claim of Mrs. Love that the deed was intended as a mortgage, her defense was not good, and that Breedlove was entitled to recover.

**2. Notice—Possession.**—Where parties in possession of land by duly executed deed of record convey the same, such possession is not notice of any secret trust in the conveyance of the property.

APPEAL from Washington. Tried below before Hon. John Alexander, Special District Judge.

This is an appeal from a judgment in favor of appellee Breedlove for a town lot in the city of Brenham against appellant, who claimed the lot as her homestead.

The conclusions of fact and of law found by the trial judge are as follows:

"Sam Love and his wife Angelina Love, the defendant in this case, owned a lot, which they occupied as a homestead, in the city of Brenham. On the 13th of December, 1886, they, Love and wife Angelina, made an absolute warranty deed to one Scott Porter, said deed being properly acknowledged by said grantors in due form of law.

"On the 22d day of January, 1887, the said Scott Porter executed to the plaintiff Breedlove a mortgage with the power of sale on said lot, to secure the payment of a promissory note made to him by said Porter for the sum of two hundred dollars, of same date with said mortgage.

"Said note falling due and being unpaid, in accordance with the provisions of said mortgage and the terms of the same, O. L. Eddins, substitute trustee, on the 2d day of October, 1888, sold said lot at public outcry at the court house door of Washington County, in the city of Brenham, after the required advertisement, at which sale C. R. Breedlove became the purchaser, and on said day of sale said trustee made to said Breedlove a deed of conveyance for same.

"Defendant in this suit alleges and claims that the deed made by herself and husband to Scott Porter was only intended as a mortgage to secure the payment of $200, and that she so understood it at the time she signed and acknowledged the same.

"The court concludes from the evidence that the plaintiff, at the time said mortgage was made to him by said Porter, had no notice of defendant's claim, as since alleged by her, that said deed to Porter was only intended and signed as a mortgage; and in fact the evidence shows that plaintiff did not have notice of defendant's claim until after the sale of said lot under said mortgage deed and he became purchaser of same, and that he was governed in his action in the case by inspecting said deed from defendant and her husband to said Porter and the representations of Porter in relation thereto.

"Conclusions of law:

"The defense set up to this action could only be pleaded and proved against parties who had notice of the fact at or before the time of their purchase that defendant had or claimed such defenses; and defendant having executed a deed under all the requirments and solemn forms of the law, and plaintiff having acquired his rights to the property in question through the grantee in said deed, without any notice of the equities or claims of defendant until after his purchase of same, plaintiff was an innocent purchaser of same, and is entitled to recover the lot in controversy."

Other necessary facts are in opinion.

*J. T. Swearingen*, for appellant. — 1. Breedlove paid no money (or

was refunded immediately by Eddins what he did pay out), and was not a bona fide purchaser.

2. The facts and circumstances known to Breedlove and Eddins were sufficient to put them upon inquiry and to charge them with notice of the true state of affairs. Littleton v. Giddings, 47 Texas, 109; Woodson v. Collins, 56 Texas, 175.

3. Mrs. Love occupied the premises nearly two years after the deed to Porter was executed, during which time no one called upon her for rents or possession of the premises. Littleton v. Giddings, 47 Texas, 109; Woodson v. Collins, 56 Texas, 175.

4. The court erred in holding that C. R. Breedlove and O. L. Eddins were innocent purchasers of the note and that Breedlove was an innocent purchaser of the property, the bid for the property not having been paid in money but credited on the note.

5. The homestead right is not controlled by the laws of registration, but, like the laws governing trusts and rights by inheritance, is not dependent upon registration for its validity. Parker v. Coop, 60 Texas, 112; McKamey v. Thorp, 61 Texas, 648; McBride v. Banguss, 65 Texas, 174.

6. Occupation and use as a homestead is sufficient notice. Const., art. 16, sec. 51; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Railway v. Winter, 44 Texas, 597; Crockett v. Templeton, 65 Texas, 134.

*Bassett, Muse & Muse,* for appellee. — 1. The appellant's evidence in support of her contention that the deed to Porter was intended as a mortgage and not as an absolute conveyance, as it purported to be, was not of that clear, satisfactory, and convincing character which would have been necessary to sustain a judgment in her favor. Brewster v. Davis, 56 Texas, 478, 479, 482.

2. The evidence amply supports the conclusion of fact found by the judge to the effect that the appellee was entitled to protection as an innocent purchaser for value. The uncontradicted evidence shows that in accepting the trust deed from Porter the appellee relied upon the deed held by him, which was an absolute deed vesting title to him, and that appellee made no further inquiry. Hurt v. Cooper, 63 Texas, 362; Eylar v. Eylar, 60 Texas, 315; Heidenheimer v. Stewart, 65 Texas, 321.

STAYTON, CHIEF JUSTICE.—Appellant and her husband conveyed the property in controversy to Scott Porter by a deed, executed in form and manner sufficient to convey the homestead, which recited consideration paid.

Appellee claims through a mortgage with power of sale executed by Scott Porter after appellant and her husband had conveyed to him.

Appellant now claims that the property was the homestead of herself and husband at the time the conveyance was made to Porter, and that

the instrument through which this was done was understood by the parties to be only a mortgage.

That the property was homestead, and that appellant and her husband remained in possession after the deed was made to Porter, and that she so remained until this action was brought, is fully shown.

It must further be conceded, under the uncontroverted evidence, that appellee is a purchaser for valuable consideration, and if he purchased without notice that the conveyance to Porter was not what on its face it purported to be, then he is entitled to protection, whatsoever may have been the agreement or understanding between Porter and appellant and her husband.

No facts are shown on which the conveyance to Porter could be deemed a mortgage, for there was no indebtedness shown to sustain it. If the deed was not what on its face it purported to be, from all the evidence it must have been the purpose of appellant and her husband to place the title to the property in Porter in order that he might raise money on it as a security for the benefit of the husband, or to indemnify him in case he thereafter assumed liabilities on his account.

There is some evidence tending to show that some such purpose may have existed, but on the entire evidence the court below found, if the deed to Porter was not intended as an absolute conveyance, that appellee had no notice of that fact at the time of the transaction through which his right came.

The evidence, we think, shows that appellee knew that the property in controversy was the home of Love and family at the time the deed was made to Porter, and that they were in possession at the time the mortgage was executed by Porter; but, as has been heretofore held, these facts were not sufficient in the face of the absolute deed to Porter to affect appellee with notice of any secret agreement between Love and wife and Porter.    Eylar v. Eylar, 60 Texas, 315; Hurt v. Cooper, 63 Texas, 362; Heidenheimer Bros. v. Stuart, 65 Texas, 321.

There is no fact shown which enables us, as matter of law, to declare that appellee had notice of any such state of facts as appellant alleges existed when the deed to Porter was executed, and in the absence of this the same weight must be given to the findings of the judge on the question of notice that would be on any other question of fact.

An application for new trial, in part based on surprise at the absence of Scott Porter, by whom appellant expected to prove that appellee knew that the conveyance to Porter was as claimed by her, was overruled, and this is assigned as error.

The record does not show that appellant had taken any steps to enforce the attendance of Porter as a witness, that she had any reasonable ground to believe that he would attend, nor that any objection to going to trial in his absence was made.

Under this state of facts a surprise on account of the nonattendance of the witness could not be claimed.

Accepting the findings of fact as true, there is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered January 24, 1890.