### Elizabeth J. Graves v. D. P. Kinney et al.

No. 1075. Decided January 30, 1902.

**Homestead—Pretended Sale—Lien—Innocent Purchaser.**

A husband joined by his wife made a deed to their homestead reciting a consideration, part cash (which was not paid) and part a note, which was executed by the grantee and negotiated by the husband to an innocent purchaser; the whole was a scheme between the husband and the grantee to raise money on the homestead, but was believed by the wife to be an actual sale. Held:

(1) The transaction was a pretended sale of the homestead involving a condition of defeasance, pronounced void by the Constitution, and neither title to or lien on the property was created as between the parties. (P. 214.)

(2) But as to the innocent purchaser of the note the parties are held to the transaction as they have made it appear, and the lien so apparently created could be enforced. (Pp. 214, 215.)

(3) This rule rests on the rights of bona fide purchasers, not on estoppel by fraudulent conduct, and applies to cases where the wife had no knowledge that the instrument was other than an absolute deed. (P. 215.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Kinney sued McLauren, Graves and wife, and Richardson, to recover on a promissory note and foreclose a vendor's lien. Plaintiff had judgment and Mrs. Graves appealed, and on affirmance obtained writ of error.

*W. M. Walton & A. S. Phelps,* for plaintiff in error.—The court erred in sustaining the conclusions reached by the court below, because the facts show, as found by said court, that this plaintiff in error was fraudulently deceived, misled, and ignorantly induced to place a secret lien or mortgage upon her homestead in violation of the Constitution and laws of the State of Texas. Foster v. MacKinnon, L. R. 4 C. P., 704; Clark on Contracts, pp. 291, 292, and all the authorities on p. 292; all authorities as cited by the lower court in his conclusions of law; Maloney v. Eaheart, 81 Texas, 284; Gilder v. Hearne, 79 Texas, 120.

The facts found by the court below show that there was a conspiracy

between plaintiff in error's codefendants I. B. Graves and M. H. Mc-Lauren, to fraudulently induce her to place a secret lien and mortgage on her homestead under the guise of a sale thereof, she being in no way a party thereto, but viciously and wickedly hoodwinked into the act. Such was and is prohibited by the Constitution and laws of the State of Texas, and therefore null and void ab initio. Same authorities; also 79 Texas, 120; 81 Texas, 284; Const. of Texas, art. 16, sec. 50; Thompson v. Samuels, 14 S. W. Rep., 143, and all cases cited therein.

The court erred in holding as a matter of law, on the facts found, that D. P. Kinney had and held such title to the note sued on as to constitute him (through J. P. Richardson or otherwise) an innocent purchaser thereof for value without notice before maturity, so as to shut off all her defenses to the fraudulent secret lien or mortgage on her said homestead, and that she was precluded and estopped from successfully resisting and defeating a foreclosure on her said homestead at the suit of the said plaintiff, D. P. Kinney.

Said court erred in not sustaining plaintiff in error's third assignment of error; because the lower court erred as a matter of law, on the facts found, in not holding that the said fraudulent and secret lien on her said homestead was under the Constitution and laws of the State of Texas absolutely null and void ab initio, and that no matter in whose hands it might be held, or whether acquired before or after maturity of the note it pretended to secure, or whether acquired with or without notice, as innocent purchaser or otherwise, or for value or for no value, or without notice of said vice in said note and pretended lien, or in said pretended lien, the same could not be made the basis of nor uphold a foreclosure on her homestead.

Said court erred in holding that the decisions of the Supreme Court of Texas, as cited by the lower court in its conclusions of law, upon or bearing upon questions raised by the brief of plaintiff in error, sustain the conclusions reached by the court below, in its disposition of this case. All cases cited by the lower court in its findings of law; Gilder v. Hearne, 79 Texas, 120; Maloney v Eaheart, 81 Texas, 284; Thompson v. Samuels, 14 S. W. Rep., 143, and all cases cited.

In all the cases cited the wife voluntarily and knowingly acted, having a purpose and guided by an intent to walk from under the protection of the Constitution, and so doing met with the consequences. There is no case like the one under consideration; if there is such an one, then that case has not been cited. Here the wife undertook to do that which was legitimate and lawful, viz., to sell her homestead, but she was deceived on all hands and beguiled into doing an illegitimate and unlawful act, viz., the putting of a lien on her homestead contrary to law and in violation of the Constitution of the State of Texas.

Any act done in violation of a constitutional prohibition or inhibition is an act against public policy, and therefore absolutely null and void ab initio. The Constitution especially says that no lien can be placed upon the homestead, unless it be for the unpaid purchase

money, and that such an act, unless coming under constitutional requirement, is void. Every act that contravenes public policy is absolutely void; this principle inculcated in our Constitution is an act of public policy, wisely placed in that instrument by its framers for the protection of the home from the prodigality of the husband. As was said by Judge Hemphill: "That the homestead exemption was founded upon principles of the soundest policy can not be questioned. Its design was not only to protect citizens and their families from the miseries and dangers of destitution, but also to cherish and support in the bosoms of the individuals those feelings of sublime independence which are essential to the maintenance of free institutions." Franklin v. Coffee, 18 Texas, 415; Thompson v. Samuels, 14 S. W. Rep., 140, and all cases cited.

It was truly an act of public policy, looking to the general welfare as well as to that of the individual citizen, when the homestead clause was placed in the Constitution of Texas. We submit that the facts found by the court constituting the method resorted to by Graves and McLauren is a breach of public policy, and absolutely null and void from the beginning. When an act has been committed that breaches public policy, that is resorted to to defeat the Constitution, nothing can make that act valid. There can be no such thing as an innocent purchaser holding under an act that contravenes public policy, for any and every claim growing out of and resting on that which violates public policy must stand for naught.

The Constitution itself prescribes the method by which a lien can be put upon the homestead; this mode does not come within the constitutional method or requirement. If it does not, then it is in violation of and in conflict with the Constitution. Here the parties all, save plaintiff in error, seek to take advantage of an innocent purchaser for value at the expense of the Constitution. The rule of common law and the Constitution conflict. Which shall prevail? Does the Constitution go down? Shall the common law triumph? Is it superior or inferior to the great charter of our liberties? Is it the organic law of the land, or is the Constitution.

*Moore & Moore* and *M. C. Granberry,* for defendant in error Kinney.—J. P. Richardson, being a bona fide indorsee for value of the note sued on, before it became due, without notice of the defense against the lien apparently carried by said note to secure its payment, was entitled to enforce the lien as if the transaction had really been what it purports to have been; and D. P. Kinney, having obtained the title and rights held by Richardson in the premises, was entitled to a judgment for the amount due on the note and to a foreclosure of the vendor's lien as claimed in the petition, and the judgment rendered was in accordance with the law. Richardson having no notice that the transaction in which the property was apparently conveyed to McLaurin was not a genuine sale, could rely on the deed from those

claiming the homestead as having been sufficient to divest them of all interest in the property, and this even though the vendors remained in possession of the property after the execution of the deed. Pool v. Chase, 46 Texas, 207; Pierce v. Fort, 60 Texas, 464; Carpenter v. Longan, 16 Wall., 271; Frank v. Heidenheimer, 84 Texas, 642; Heidenheimer v. Stewart, 65 Texas, 321; Eylar v. Eylar, 60 Texas, 315; Williams v. Pouns, 48 Texas, 146; Brewster v. Davis, 56 Texas, 478; Jones on Mort., sec. 834; Coker v. Roberts, 71 Texas, 597; Love v. Breedlove, 75 Texas, 649; Hurt v. Cooper, 63 Texas, 362.

*D. W. Doom & D. H. Doom,* for defendant in error Richardson.—The defendants I. B. Graves and E. J. Graves, husband and wife, having by regular deed of conveyance, duly acknowledged, conveyed the property in question to the defendant M. H. McLaurin, in consideration, among other things, of the note upon which this suit was based, and retained a lien on the property to secure its payment, and the defendant J. P. Richardson having purchased the note in due course of trade for its full face value, before maturity, without notice of any defense against the lien retained to secure its payment, was entitled to enforce the lien notwithstanding any secret understanding between the original parties, and had the right to sell the note with the lien to the plaintiff D. P. Kinney, who thereby became entitled to a foreclosure of the lien. Heidenheimer v. Stewart, 65 Texas, 321; Eylar v. Eylar, 60 Texas, 315; Hurt v. Cooper, 63 Texas, 362; Love v. Breedlove, 75 Texas, 649; Pool v. Chase, 46 Texas, 207; Williams v. Pouns, 48 Texas, 141; Pierce v. Fort, 60 Texas, 464; Frank v. Heidenheimer, 84 Texas, 642; Carpenter v. Longan, 16 Wall., 271; Jones on Mort., sec. 834.

WILLIAMS, ASSOCIATE JUSTICE.—As appears from the conclusions of the trial judge, the place in controversy was the homestead of I. B. and Elizabeth J. Graves and they were in possession of it as such throughout the transactions in question. I. B. Graves and M. H. McLaurin, in order to raise money for purposes of their own upon the security of the homestead, agreed upon a plan by which Graves and wife were to make a deed to McLaurin for the place and the latter was to execute his note to Graves, pretendedly for part of the purchase money. A deed was prepared for signature by Graves and wife, reciting, as its consideration, a cash payment of $1700 and a note for $1100, and purporting to convey the property to McLaurin. This was presented to Mrs. Graves for execution and she was induced to believe that it was intended, according to its purport, to effect a real sale of the property. She at first objected, but upon the promise of her husband that the proceeds should be invested in another home, finally assented and executed and acknowledged the deed, still believing that the transaction was a real sale for the recited consideration. No money was paid McLaurin nor was there any purpose on his and Graves' part to

make a real sale and purchase, their scheme being to raise money upon the note. The deed, properly executed and acknowledged, was delivered to McLaurin and placed of record, and the note recited in it was executed to Graves. Graves assigned the note to J. P. Richardson for full value before its maturity, Richardson having no notice of the true nature of the transaction between Graves and wife and McLaurin, or that it was not truly represented by the papers executed. Defendant in error, Kinney, acquired the note after maturity from Richardson and brought this suit against McLaurin, Graves and wife, and Richardson to recover the amount due upon it and to foreclose the lien upon the property. Mrs. Graves set up the facts of the transaction as stated to defeat the lien asserted. Kinney and Richardson pleaded that the latter acquired the note and lien under the deed to McLaurin before maturity of the note for a valuable consideration without notice. The plaintiff recovered under this plea in the District Court and the judgment was affirmed by the Court of Civil Appeals.

The transaction, being in the form of a sale but in reality an attempt on the part of Graves to incumber the homestead to secure the payment of money, was a "pretended sale." It involved a "condition of defeasance;" for, under the arrangement between Graves and McLaurin, payment of the note would have put an end to the pretended conveyance. It therefore comes within the provision of section 50, article 16, of the Constitution, that "all pretended sales of the homestead involving any condition of defeasance shall be void."

The understanding of the wife that she was making a sale could not give such effect to the transaction really consummated between Graves and McLaurin, because (1) her husband never joined in a sale, and (2) the sale to which she assented was never consummated. Cole v. Bammel, 62 Texas, 108.

It is plain, therefore, that no right to the property ever vested in McLaurin, and no lien upon it, good against Mrs. Graves, as between the parties, ever arose.

But to the purchaser of the note, the papers executed by all the parties presented a transaction in which there was a regular and lawful sale of the homestead, in which the cash installment of the purchase money had been paid, and the remainder was secured by the note with a valid lien on the property; and the question is, whether the court, in ascertaining his rights, should look behind the evidence of their rights which the other parties had thus created and upon which he acted, or should, in his favor, hold them to the transaction as they had made it appear to be. The decisions of this court have, it seems to us, settled the question in favor of the purchaser. Hurt v. Cooper, 63 Texas, 362; Heidenheimer v. Stewart, 65 Texas, 321; Love v. Breedlove, 75 Texas, 649; Eylar v. Eylar, 60 Texas, 315.

In these cases, transactions which fell as completely within the constitutional provisions as that involved in this case were passed upon and it was held that a purchaser of a note given for purchase money

in an apparent sale of the homestead, or a purchaser or subsequent mortgagee of the property itself, was entitled to protection against the claim of the wife that the transaction was really an attempt to mortgage the property under the form of a sale. It seems from the reports that in all of the cases cited the wife knew the true nature of the transactions when she executed the deeds upon which the purchaser relied; and it is argued, and we were at first somewhat impressed with the view, that this fact, in principle, distinguished this case from those. If the former decisions rested upon the doctrine of estoppel of the married women by their fraudulent conduct, the question might be open whether or not an estoppel could arise from such an act on Mrs. Graves' part as this case discloses. But the opinions, except one, proceed exclusively upon the principles of law existing in favor of bona fide purchasers; and in the excepted case (Heidenheimer v. Stewart), both that doctrine and that of estoppel are stated in the opinion. The original record in that case shows, however, that the sole ground relied on to defeat the claim of homestead was that of bona fide purchase, no estoppel being pleaded or claimed in the briefs. The transactions in those cases were, upon the real facts, as completely without effect between the parties as the one under review, but the rights of the purchaser were held to depend upon the facts as the parties had made them appear to him. Obviously, the state of the wife's knowledge when she executed the deed can not affect the question of the good faith vel non of the purchaser, when he knew nothing of it beyond the evidence afforded by the deed; and, accordingly, we find no allusion to such an element in any of the opinions. The doctrine of these cases is that purchasers have the right to rely upon evidences, created by the owners of homesteads, of lawful and regular sales thereof, and that evidence that the parties did not intend what their acts represented is ineffectual against such purchasers.

The judgments of the courts below were in accordance with this rule and must be affirmed.

*Affirmed.*