MARTIN CO. v. COTTRELL.

(Court of Civil Appeal of Texas. Ft. Worth. Dec. 9, 1911.)

1. APPEARANCE (§ 24*)—WAIVER OF DEFECT IN PROCESS.

The insufficiency of the officer's return to a citation is waived by defendant by his appearance in the cause at the term succeeding the return term.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. § 24.*]

2. PLEADING (§ 216*)—DEMURRER—CONSTRUING PLEADINGS TOGETHER.

In determining a general demurrer to plaintiff's petition, the petition must be read in connection with the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

3. LANDLORD AND TENANT (§ 270*)—DISTRESS FOR RENT—FORECLOSURE OF LIEN—EFFECT OF REDELIVERY BOND.

In an action to foreclose a landlord's lien against property seized under a distress warrant issued by a justice of the peace, plaintiff filed an amended petition against a claimant of the property, alleging a conversion of the same by such claimant. The distress warrant was void for lack of a citation commanding the original defendant to appear before the county court to which the warrant was made returnable. Held, that the amended petition was not demurrable as failing to state a cause of action for conversion because it showed on its face that claimant had given a bond to secure return of the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 270.*]

4. APPEAL AND ERROR (§ 766*)—BRIEFS—FILING.

Where appellee filed a brief replying to that of appellant, his objection that appellant's brief was not filed within the time required is waived, and the court will consider the brief of appellant, though it refused appellant's request to file his brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3101; Dec. Dig. § 766.*]

Appeal from Comanche County Court; J. M. Rieger, Judge.

Action by J. B. Cottrell against C. F. Carmack and the Martin Company. From a judgment for plaintiff, the last-named defendant appeals. Reversed and remanded.

Kearby & Kearby, for appellant. Calloway & Calloway, for appellee.

SPEER, J. This suit was instituted by J. B. Cottrell, as landlord, against C. F. Carmack, as tenant, on an alleged rent note in the sum of $225. At the time of filing the note with the justice of the peace, an affidavit and bond for a distress warrant were also filed, and a writ issued which was levied on the property in controversy; but no citation was issued by the justice of the peace commanding the defendant's appearance before the county court to which the warrant was made returnable, as required by article 3247, Sayles' Texas Civil Statutes 1897. Subsequently, Cottrell filed his original petition in the county court seeking a judgment against Carmack with a foreclosure of his landlord's lien, and still later he filed an amended original petition in which Martin Company, the present appellant, was made a party to the suit, alleging that Martin Company had converted the property against which he had distrained, and prayed judgment for its value in the sum of $182.50. Carmack made default, but Martin Company answered, and the cause was submitted to the jury on special issues upon answers to which the court rendered judgment for the plaintiff, and Martin Company has appealed.

[1] A question of the sufficiency of the officer's return on the citation to Martin Company is raised, but is immaterial in view of the fact we must reverse the cause, and appellant at all events entered its appearance to the term succeeding the return term.

[2, 3] Appellant next makes the point that appellee's petition is subject to a general demurrer, inasmuch as it shows on its face that appellant has given a claimant's oath and bond for the property in controversy, and that that constitutes a complete defense to his action for conversion, inasmuch as the law requires appellant to establish its title to the property, or to return the same or its value to appellee, and that the petition shows that this action of trial of the right of property has never been disposed of. This contention, however, can-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

not be sustained, because the petition, when read in the light of appellant's answer—and it should be so read in passing on a general demurrer—discloses that the distress warrant by virtue of which the property was seized and taken from the possession of Martin Company was voidable for the reason already stated that no citation was issued at the time by the justice of the peace; and by pleading and establishing such fact judgment would necessarily go for Martin Company in the trial of the right of property case, irrespective of the merits of its title. Appellee's petition shows that Martin Company had converted the property prior to its seizure upon the distress warrant, and it does not lie with appellant to say to appellee, "You have waived the conversion and pursued the property," when by its own action it has prevented him from securing possession of the same. If appellee elected to take the property notwithstanding·the conversion, he has nevertheless been prevented from doing so by the interposition of a bond which now appears to afford him no protection. We think the petition shows a cause of action for conversion. The cause, however, is reversed and remanded because of the insufficiency of the verdict to support the judgment. We have carefully examined the answers of the jury to the various questions propounded to them by the court and the parties, and have concluded that their answers are so contradictory and altogether unintelligible as to afford no support for the judgment rendered. It would serve no useful purpose to set out the questions and answers in this opinion; but we content ourselves with announcing our conclusion upon this point.

[4] This, as well as the alleged error last above discussed, is fundamental in its nature, and would have been decided, perhaps, without a brief from appellant; but, since appellee has actually filed a reply brief, his objection to appellant's having leave to file its brief has been effectually answered, and we, accordingly, set aside our former order refusing appellant's request to file, and have considered its brief heretofore tendered.

Reversed and remanded.