**BARRON et al. v. THEOPHILAKOS et al.**
(No. 1736.)

Court of Civil Appeals of Texas. Beaumont.
Jan. 14, 1929.

Ross M. Scott, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

O'QUINN, J. The pleadings are quite lengthy, so we shall merely state the issues as made by them. As originally instituted, this was a suit by appellants, as plaintiffs, against George Theophilakos and R. B. O'Brien, as defendants, in trespass to try title to certain real estate situated in Dallas, Tex. Appellee J. W. Popham intervened, asking for foreclosure of a mortgage lien asserted by him upon said real estate. The cause was tried upon plaintiffs' (appellants') second amended original petition, which alleged the cause of action in trespass to try title against said defendants and intervener, that the property in controversy was the homestead of appellants and the deed thereto executed by them to defendants Theophilakos and O'Brien was procured by said defendants by fraud, all of which facts were known to intervener, Popham, and prayed for judgment canceling the deed from appellants to defendants Theophilakos and O'Brien and the deed of trust or mortgage lien from said Theophilakos and O'Brien to intervener, Popham, as a cloud upon their title to said property, and that they have judgment for the title and possession of said land free from all liens or claims by said defendants and intervener.

Appellees Theophilakos and O'Brien, defendants, answered by general denial, plea of not guilty, and other defenses not necessary to state. Intervener, Popham, by his second amended original answer and plea in intervention, pleaded his defenses of estoppel and innocent purchaser in good faith against appellants, and asked for a foreclosure of his lien.

The case was submitted to a jury upon special issues, and upon their findings judgment was entered in favor of appellants against defendants Theophilakos and O'Brien, canceling the deed from appellants to said defendants, and in favor of intervener, Popham, as against all parties, foreclosing his lien on the property in controversy. The defendants Theophilakos and O'Brien have not appealed from the judgment canceling their deed to the property. Appellants filed motion for a new trial as to the foreclosure of intervener Popham's lien on the property, which was overruled, and they bring this appeal.

Appellee Popham, intervener, filed a motion to strike the statement of facts from the record, which motion was ordered taken with the case. The motion to strike is based upon the following facts: Final judgment was entered October 3, 1927, nunc pro tunc as for June 30, 1927. Motion for a new trial was overruled October 5, 1927. Appellant's appeal bond was filed October 25, 1927. No transcript having been filed in the Court of Civil Appeals, appellee filed his motion to

affirm on certificate February 11, 1928. This motion was held in abeyance by the court and appellants given until February 24, 1928, in which to file the transcript. Motion of appellants to file transcript was granted February 25, 1928, and the motion to affirm on certificate was overruled. The statement of facts was not filed in the trial court nor in the Court of Civil Appeals until May 9, 1928, on which date it was filed in both of said courts.

Article 2246, R. S. 1925, prescribes the time in which statements of facts shall be filed in the trial court. It provides in section 2 that, where the term of court may by law continue more than eight weeks, as was the case here, the statement of facts shall be filed in the trial court within 90 days after final judgment is rendered. Section 3 of said article provides that the party appealing may, for good cause shown, have the time for filing the statement of facts extended, but that in no case shall the time be so extended as to delay the filing of the statement of facts, together with the transcript, in the appellate court, within 90 days after the date of filing the appeal bond. When appellants' motion for a new trial was overruled, they gave notice of appeal, and the trial court entered an order giving them 90 days in which to prepare and file their bills of exception and statement of facts. This was October 5, 1927. Article 1839, R. S. 1925, provides that transcripts must be filed in the appellate court within 90 days after perfecting the appeal. No extension of time in which to file their statement of facts was applied for by appellants. The statement of facts was not filed in either the trial court or the Court of Civil Appeals until May 9, 1928. This was some seven months after final judgment was rendered (section 2, art. 2246), and the filing of appellants' appeal bond (section 3, art. 2246), and therefore long after the time prescribed by law for the filing of the statement of facts.

We fail to find in the record any application by appellants to the trial court for permission to file the statement of facts, when it was filed on, to wit, May 9, 1928. The clerk of the trial court has no authority to receive and file a statement of facts after the time for filing has expired, and, where he does so without an order of the trial judge, it will be treated as though not filed. Gerneth v. Galbraith-Foxworth Lumber Co. (Tex. Com. App.) 300 S. W. 17. The statement of facts bears the file mark of the clerk of the trial court, and there is appended to the statement of facts the approval of the trial judge, ending with these words: "The same is hereby approved and ordered filed as a part of the record in said cause." We do not believe that the trial judge was authorized to order the statement of facts filed. Being long after the time in which the transcript must be filed, it would have delayed

the filing of same in the Court of Civil Appeals, and the trial judge is without authority to extend the time for filing the statement of facts in the trial court when it would delay the filing of the transcript in the appellate court. Moreover, the trial judge, under the facts, could not order the statement of facts filed, because appellants having filed their appeal bond as required by law, and, the time for filing the transcript in the appellate court having expired, and the transcript having actually been filed in the appellate court, he was without jurisdiction to make any further orders in the case. The statement of facts is therefore as though it had never been filed in the trial court. Gerneth v. Galbraith-Foxworth Lumber Co. (Tex. Com. App.) 300 S. W. 20.

Again, we do not find in the record any application by appellants to the Court of Civil Appeals for permission to file the statement of facts therein at the time it was filed. The statement of facts merely bears the file mark of the clerk of the court. The motion to strike the statement from the files in the case was duly filed. The only explanation of or excuse for the delay in filing the statement of facts after the time prescribed by law is in appellants' sworn answer to the motion to strike and an affidavit of the court stenographer attached to same. We have carefully considered all the matters therein shown, and do not believe, and so find, that same do not show good cause for the delay in filing the statement of facts.

From what we have said, it follows that the motion to strike the statement of facts from the record should be sustained, and it is so ordered.

■ Appellee also filed a motion to strike appellant's brief because same was not filed within the time required by law, and not filed within sufficient time to enable appellee to prepare and file his reply brief before submission of the case. Appellants perfected their appeal October 25, 1927. They filed their brief in the trial court October 26, 1928, and in this court October 29, 1928. The cause was set for submission on November 12, 1928. This gave appellee 14 days in which to prepare and file his brief. The record is voluminous. The transcript contains 75 typewritten pages, and the statement of facts 160. Appellants' brief presents four assignments of error, one of which consists of eight parts, relating to the sufficiency of the evidence. We think the motion shows good ground for striking the brief, but as appellee did not see fit to stand upon his motion, but has filed his brief, he waived his ground for striking, and the motion must be overruled. Mixson v. Kirby Lumber Co. (Tex. Civ. App.) 298 S. W. 476; City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330; Ward v. Compton (Tex. Com. App.) 203 S. W. 129; Martin v. Cottrell (Tex. Civ. App.) 142 S. W. 48.

Appellants' first assignment of error (involving eight subdivisions of questions) and the second and third assignments all relate to fact questions, and, there being no statement of facts to be considered by the court, they are all overruled.

The fourth and last assignment complains that certain special issues submitted to the jury and the jury's findings thereon are so contradictory and conflicting as that no judgment can be rendered on them, and that therefore their motion for a new trial should have been granted. The assignment is overruled. There being no statement of facts, it cannot be ascertained that the issues or the findings are in conflict. However, we do not think the issues or the findings are contradictory or conflicting.

No error appearing, the judgment should be affirmed, and it is so ordered. Affirmed.

■ We have stricken out the statement of facts, and have affirmed the judgment of the trial court. However, we will say that, if the statement of facts should be considered, nevertheless the judgment must be affirmed. The facts show that the property in controversy was the homestead of appellants and was so occupied by them at the date of the execution of the deed by them to defendants Theophilakos and O'Brien; that on their own motion and for their own purposes appellants executed, acknowledged, and delivered said deed, which was a general warranty deed and absolute on its face to said defendants, to enable them to negotiate a loan secured by deed of trust upon said property, the money secured by said loan being for the benefit of appellants in another transaction; that by reason of the execution of said deed by appellants to said defendants, and the execution of the deed of trust by said defendants upon said property, for the benefit of appellee Popham, the loan was made in good faith by said Popham and without any notice of the claim of homestead on said property by appellants; that said deed to said property by appellants to said defendants Theophilakos and O'Brien was exhibited to intervener, Popham, at the time the loan by defendants Theophilakos and O'Brien was negotiated with him, together with the deed of trust, and before advancing the loan Popham required that said deed and said deed of trust be filed for record, and that same be carried into the abstract of title to said property, which was done; that after the loan was concluded, and the money received and appropriated, appellants continued to occupy the premises.

The findings of the jury in answer to special issues are in consonance with the above facts. The judgment cancels and annuls the deed from appellants to defendants Theophilakos and O'Brien, but in consonance with the facts and findings of the jury the court found and so stated in his judgment that "it further appearing to the court from the ver-

dict of the jury and the undisputed proof that said plaintiffs, Doss Barron and wife, Annie V. Barron, executed and delivered a general warranty deed absolute on its face to the property above described to defendants, O'Brien and Theophilakos, for' the fraudulent purpose of enabling them, the said defendants, to obtain a loan thereon, and that the intervener, J. W. Popham, without knowledge on his part that said deed was other than what it purported to be, was induced thereby to lend said defendants, O'Brien and Theophilakos, the sum of Six Thousand ($6,000.00) Dollars, secured by a deed of trust on said property; and it further appearing to the court that said intervener did lend such sum to said defendants," etc., adjudged a foreclosure of the deed of trust on said property in favor of intervener.

The transaction between appellants and defendants Theophilakos and O'Brien, being in the form of a sale, but in reality an attempt on the part of appellants to mortgage their homestead to secure the payment of the loan thus procured, was, as between these parties, void and the judgment of the court canceling the deed was correct. But to the intervener, Popham, the holder of the deed of trust executed by the defendants. Theophilakos and O'Brien to secure the loan, the deed executed by appellants to said defendants evidenced a transaction in which there was a regular and lawful sale of the homestead, in which the whole consideration of $9,000 was recited to have been paid in cash and its receipt acknowledged, and the deed of trust from said defendants to intervener thus appearing regular and warranted, the decisive question before us is whether in ascertaining his rights, we should look behind the evidence of appellants' rights which the other parties had thus created, and upon which intervener acted, or should, in favor of intervener, hold appellants to the transaction as they had made it appear to be. The law is well settled by our own decisions that the question must be determined in favor of the intervener, appellee. Graves v. Kinney, 95 Tex. 210, 66 S. W. 293; Hurt v. Cooper, 63 Tex. 362; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Eylar v. Eylar, 60 Tex. 315; Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924.

But appellants insist that they are not estopped to assert their homestead claim against intervener, for they say that, as they remained in possession of the property after they executed the deed to defendants Theophilakos and O'Brien, and were so at and after the time intervener made the loan and accepted the deed of trust to secure same, therefore intervener had notice of their homestead rights and claim by and through their said possession, and that it was his duty to make inquiry of them, and, not having done so, he must be held to have had notice of all facts he would have acquired if he had made inquiry. In their brief they say: "While many questions were raised in the pleadings and presented in the amended motion for a new trial constituting assignments of error, we think the most material ones are those involving the questions whether actual occupancy of the homestead by the owners put a mortgagee from a grantee, under an unrecorded and undelivered deed, upon inquiry as to the facts, and whether the facts estop the homestead claimants."

The facts do not exactly fit appellants' contention. The deed conveying the property to the defendants Theophilakos and O'Brien was delivered to said defendants, and was exhibited to intervener, Popham, when he was by said defendants solicited to make the loan. When the deed and deed of trust were exhibited to intervener, Popham, he refused to close the loan until they were filed for record and were carried into the abstract of title to the property. Appellants' contention that, because they were in possession of the property after they had deeded the same to defendants Theophilakos and O'Brien, and were so at the time the loan was made and the deed of trust executed served as notice to intervener, Popham, of their homestead claim and rights, cannot be sustained. A purchaser from a vendee whose vendor remains in possession is not bound to inquire further as to the title when he finds on the record in the county where the property is located a deed from such vendor conveying the title to said property properly acknowledged and recorded. Eylar v. Eylar, 60 Tex. 315; Hurt v. Cooper, 63 Tex. 362; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293; Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924, 927. Further, even if the deed was not actually recorded at the time intervener made the loan and took his lien, yet it had been delivered by appellants and was in the possession of appellants' vendees and was by them actually exhibited to the intervener lienholder, and, this being true, the fact that appellants remained in possession of the property after executing and delivering the deed, would not put intervener on notice that appellants' said deed was only intended as a mortgage. Bryant v. Grand Lodge Sons of Hermann (Tex. Civ. App.) 152 S. W. 714 (writ refused); Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924, 927 (writ refused).

As before stated, if the statement of facts should be considered, appellants have shown no error, and the judgment must be affirmed, as before ordered.