## STRAUSS v. FRIEDMAN et al.

### No. 3208.

Court of Civil Appeals of Texas. Beaumont.

Nov. 1, 1937.

Rehearing Denied Nov. 3, 1937.

Weslow, Beadle & Keilin, of Houston, and Smith, Smith & Boyd, of Beaumont, for appellant.

John D. McCall, Pipkin & Pipkin, and W. T. Kenna, all of Beaumont, for appellees.

O'QUINN, Justice.

On April 23, 1929, I. Wiener, and his wife, Rose Wiener, owned and resided upon lot 8, block 58, in the city of Port Arthur, Tex. It was their homestead. On that date they conveyed this property by war-

ranty deed to M. A. Friedman for the consideration of $1 cash, and his vendor's lien note in the sum of $2,800, payable to the order of I. Wiener in monthly installments of $50, the first installment to be due and payable on May 23, 1929, and one installment each succeeding month until the note was fully discharged. To further secure the payment of said note, Friedman on said date executed to R. L. Rutan, as trustee, a deed of trust on said property. The deed from the Wieners to Friedman conveying the property, and the deed of trust from Friedman to Rutan to secure the payment of the note, were promptly placed of record.

On the date of the deed, April 23, 1929, I. Wiener, and his wife, Rose Wiener, for a valuable consideration, in writing duly transferred and assigned the vendor's lien note, and in said written transfer and assignment sold, transferred, and assigned all of the right, title, and interest they owned or held in or to the said property to Mrs. Hattie Donahoe. This instrument was also placed of record.

Various and numerous payments were made on the note, regularly and in full up to and including September, 1931. After that date numerous other payments were made, apparently covering interest, up to December, 1933.

On June 15, 1931, M. A. Friedman reconveyed the property to I. Wiener and Rose Wiener, for the consideration of $1 and other good and valuable considerations, the deed reciting: "It being expressly understood that this conveyance is made subject to all outstanding indebtedness, and all taxes due and payable against the property herein conveyed." This deed was placed of record on November 26, 1934.

Later (we do not find the date in the record) I. Wiener died and his wife, Rose Wiener, was duly appointed administratrix of his estate. Mrs. Donahoe married Wm. H. Smith. On July 24, 1935, Mrs. Smith (nee Donahoe) joined by her husband, Wm. H. Smith, for a valuable consideration conveyed the vendor's lien note in question and the deed of trust lien, given to secure its payment, to I. G. Strauss, appellant. The note was then past due.

On February 21, 1931, appellant, I. G. Strauss, filed this suit against M. A. Friedman, Rose Wiener, in her individual capacity, and as administratrix under the will of I. Wiener, deceased, and Freda

Wiener, a feme sole, Melvin Wiener and Jeannette Wiener, minors, to recover judgment against Friedman for the amount of the debt, and against Friedman and the other defendants for a foreclosure of the asserted lien against the property in question.

Friedman answered by general demurrer and general denial.

The Wieners, defendants, answered. They defended against the foreclosure upon allegations that the premises upon which the foreclosure was sought at the date of the deed from I. Wiener and Rose Wiener to Friedman was, and at all times since had been, the residence homestead of said Wieners; that they occupied same as their homestead on the date of the deed and never vacated same but continued at all times to reside on and occupy same as their homestead; that the conveyance to Friedman was not in good faith a conveyance of their homestead, but only a pretended or simulated conveyance for the purpose of procuring money thereon and of fixing or pretending to fix a lien against their said homestead; that Mrs. Donahoe, to whom they transferred the note and pretended lien, had notice at the time she purchased the note of the simulated character of the whole transaction, wherefore the lien was void and unenforceable. They further answered that the note was past due at the time appellant Strauss bought same, and was therefore subject to any defense they could have made against it in the hands of Mrs. Donahoe.

By supplemental petition, appellant replied to the matters pleaded by the defendants, and expressly denied, if the sale to Friedman was in fact simulated, that Mrs. Donahoe had any notice of its simulated character at the time she bought and paid for the note and lien, and affirmatively alleged that she did not have any such notice; that she bought the note the same day it was executed and at the very time the deed to Friedman was executed and delivered, paying value for same, and so at a time when the note was not past due and that he, appellant, had fully succeeded to all the rights Mrs. Donahoe had ever had in the premises. He also pleaded estoppel against the Wieners to assert the invalidity of the transaction.

The case was tried to a jury, but after the evidence was concluded the court instructed the jury to return a verdict for

appellant for the amount of his debt, and denying him a foreclosure of his lien. This verdict was returned and judgment accordingly entered. This appeal is from that part of the judgment denying him a foreclosure of his lien.

■ It is a well-established rule in this state that, when a husband and wife execute and deliver a deed to their homestead and receive a part of the purchase price for said home and vendor's lien note, and assign such note to a purchaser who in good faith buys the note and pays value therefor without notice, they are estopped as against the claim of the holder of such note to set up the defense that the sale of the homestead was simulated. Graves v. Kinney, 95 Tex. 210, 66 S.W. 293; Coskrey v. Morrison (Tex.Civ.App.) 91 S.W. (2d) 902 (writ refused); National Bond & Mortgage Corp. v. Davis (Tex.Com. App.) 60 S.W.(2d) 429 (par. 8).

■ Whether the conveyance from the Wieners to Friedman was a simulated transaction for the purpose of borrowing or getting money on the homestead, was a strongly contested issue. Being a question of fact, it was for the jury, and the court erred in taking it from the jury and instructing a verdict.

■ Appellees in their answers pleaded and on the trial of the case attempted to prove that Mrs. Donahoe, when she purchased the note and lien in question, had notice and knowledge of the fact, as they contend, that the sale of the home was a pretended sale for the purpose of obtaining money by the means of fixing a lien upon the homestead. This was strenuously denied and there is much evidence in the record for and against this issue. It was an issue of fact for the jury, and it was error to withdraw same from the jury by the instructed verdict.

■ Also, it was pleaded by appellees in their answer that, if Mrs. Donahoe did not herself have actual notice of the simulated character of the sale of the homestead, that her agents, Banker & Rutan, did have such notice, and thus she was in possession of same by imputation. Whether Banker or Rutan, both or either of them, were agents of Mrs. Donahoe in purchasing the note was a question of fact, and it could not be withdrawn from the jury, and the instructed verdict was error. We find no evidence in the record in any manner tending to show that Banker had any knowledge of the simulated sale, if it was such, nor does the evidence show that he acted for Mrs. Donahoe in making the purchase of the note. There is a direct and strong conflict in the evidence as to whether Rutan had any knowledge of the simulated or pretended sale of the Wieners' homestead, and, if he did, then there is the further question as whether such knowledge, if acquired by him, was acquired at a time when he was acting as the agent of Mrs. Donahoe, and the still further question of whether at any time, when the transaction was pending, he was the agent of Mrs. Donahoe in her purchase of the note. All of these were questions for the jury.

■ We conclude from the record that the court instructed the verdict because the evidence showed that the Wieners at the time of the conveyance to Friedman occupied the property as their homestead, and that they never vacated the property, but continued at all times to occupy same, and that such occupancy, as a matter of law, determined the same to have been simulated. The record discloses that the Wieners delivered the deed to Friedman in the presence of Mrs. Donahoe and that she at said time purchased the note from them. There was no occasion for them to have vacated the property before delivering the deed, and that they continued to reside on the property afterwards did not, as a matter of law, visit Mrs. Donahoe with notice that the deed she had seen delivered to Friedman at the time she purchased the note was a pretended conveyance of the property and the sale wholly simulated. The deed which Mrs. Donahoe saw delivered by the Wieners to Friedman was immediately placed of record. Mrs. Donahoe, we think, had the right, having seen the deed delivered and its immediate record, to rely upon the good faith of the conveyance and the burden was upon appellees to show that she had notice of the simulated character of the conveyance at the time she purchased the note, the continued occupancy of the premises after the sale was not, as a matter of law, proof of such notice. Eylar v. Eylar, 60 Tex. 315; Hurt v. Cooper, 63 Tex. 362, 366; Love v. Breedlove, 75 Tex. 649, 652, 13 S.W. 222; Bryant v. Grand Lodge Sons of Hermann (Tex.Civ.App.) 152 S.W. 714 (writ refused).

From what we have said it follows that the judgment should be reversed, and remanded for another trial on the issues of

whether the sale of the premises was a pretended or simulated sale for the purpose of obtaining money on the homestead, and whether, if so, Mrs. Donahoe had notice at the time she purchased the note that the conveyance was not in good faith, but simulated, and it is so ordered.

Reversed, and remanded.