RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

JUL 1 3 2015

CHRISTOPHER A. PRINE
CLERK

NO. 01-14-00158-CR

IN THE COURT OF APPEALS
FIRST DISTRICT OF TEXAS
HOUSTON CHRISTI, TEXAS

---

DJ CHRISTOPHER LOWE,

APPELLANT

VS.

THE STATE OF TEXAS,

APPELLEE

---

## MOTION TO WITHDRAW FROM FRIVOLOUS APPEAL

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Mark W. Racer, herein referred to as "Movant" in his capacity as attorney appointed by the trial court to prepare an appeal for the Appellant, DJ CHRISTOPHER LOWE, and submits this Motion to Withdraw from a Frivolous Appeal, and in support thereof would show as follows:

1. On August 15, 2013, in the 400th Judicial District Court of Fort Bend County, Texas the Defendant waived a trial by jury and entered a plea of guilty to the indictment for delivery of a controlled substance in a drug free zone with intent to deliver. After the punishment phase of trial, the trial court sentenced Defendant to 75 years confinement in the Texas Department of Criminal Justice-Institutional Division. The trial court appointed Movant to prepare an appeal for Appellant.

2. Movant has diligently searched and thoroughly reviewed the record, and has found no good faith basis upon which to appeal, and has determined that any appeal so advanced would be frivolous and without merit.

3. Attached hereto as Exhibit "A" is a brief that sets out an analysis of the record that will not support error.

4. Attached hereto as Exhibit "B" is a copy of a letter to Appellant that informs him of the right to proceed with an appeal on her own behalf.

WHEREFORE, Movant prays that he be allowed to withdraw from this cause and that Appellant be allowed an extension of at least sixty (60) days after the receipt of his copies of the record in order to submit a brief if he should so request.

Respectfully submitted,

Mark W. Racer
Texas Bar No. 16448450
212 E. Burleson
Wharton, Texas 77488
(979) 531-0322
(979) 531-0355 Fax
Attorney for Appellant

2

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the foregoing Motion to Withdraw has been forwarded to counsel for the State of Texas, Mr. John Harrity, 309 South 4th Street, Suite 258, Richmond, Texas 77469 on this the __20th__ day of __November__, 2014.

_____
Mark W. Racer

3

EXHIBIT A

4

NO. 01-14-00158-CR

IN THE COURT OF APPEALS
FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

---

DJ CHRISTOPHER LOWE,

APPELLANT

VS.

THE STATE OF TEXAS

APPELLEE

---

BRIEF FOR APPELLANT

---

Respectfully submitted,

Mark W. Racer
Texas Bar No. 16448450
212 E. Burleson
Wharton, Texas  77488
(979) 531-0322
(409) 531-0355 FAX
Attorney for Appellant

# IDENTITY OF THE PARTIES

Appellant-                              Mr. Thomas Phillip Allen

Appellee-                               The State of Texas

Counsel for Appellant-                  Mr. Mark W. Racer
                                        Texas Bar No. 16448450
                                        212 E. Burleson
                                        Wharton, Texas 77488
                                        (979) 531-0322
                                        (979) 531-0355 FAX

Counsel for Appellee-                   Mr. John Harrity
                                        309 South Fourth Street, Suite 258
                                        Richmond, Texas 77469
                                        (281) 341-4460
                                        (281) 341-3440 Fax

# TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| 1. | NAMES OF PARTIES | 3 |
| 2. | INDEX OF AUTHORITIES | 5 |
| 3. | STATEMENT OF THE CASE | 6 |
| 4. | ISSUES PRESENTED | 7 |
| 5. | STATEMENT OF FACTS | 8 |
| 6. | SUMMARY OF ARGUMENT | 9 |
| 7. | ARGUMENT | 10 |
| 8. | PRAYER | 13 |

# INDEX OF AUTHORITIES

## CASES

*Jacks vs. State*, 871 S.W.2d 741 (Tex.Crim.App. 1994)

*Strickland vs. Washington*, 466 U.S. 668 (1984)

## CONSTITUTION

U.S. Constitution Amendment VI

Texas Constitution Art. I. Sec. 10

## STATUTES

Texas Code of Criminal Procedure Article 21.02

Texas Penal Code Annotated 12.32

## STATEMENT OF THE CASE

This case is a prosecution for aggravated sexual assault of a child. Appellant pled guilty to the offense of aggravated sexual assault of a child on August 15, 2013. (CR 18-27). The Court accepted the Appellant's plea of guilty and set the punishment phase of the trial for December 6, 2013. At the punishment phase of the case the trial court sentenced Appellant to 75 years in the Texas Department of Criminal Justice-Institutional Division. (RR 13-14).

# ISSUES PRESENTED

## CERTIFICATE OF COUNSEL

I, Mark W. Racer, counsel of record for Appellant, DJ Christopher Lowe, do hereby state that I have diligently searched the record in Cause No. 10-DCR-055397, and have researched the law applicable to the facts and issues contained therein, and it is my professional evaluation that no reversible error is reflected in the record. Therefore, I am of the professional opinion that the appeal is without merit and frivolous. In compliance with the applicable law pertaining to appeals of this type, I have set forth no grounds of error that may arguably support an appeal.

I have cause a copy of this brief to be served on the Appellant, accompanied by a letter informing the Appellant of his right to examine the entire appellate record for the purpose of filing a pro se brief. A copy of this letter has been attached to this brief

_____
Mark W. Racer

## STATEMENT OF FACTS

Appellant was indicted for aggravated assault of a child. (CR 5). Appellant pled guilty to the offense of aggravated assault of a child on August 15, 2013. (CR 18-25). The Court accepted the Appellant's plea and set the punishment phase of the trial for December 6, 2013. On December 6, 2013 Appellant was sentenced to 75 years in the Texas Department of Criminal Justice-Institutional Division. (RR 13-14).

## SUMMARY OF ARGUMENT

Appellant was arrested and indicted aggravated sexual assault of a child. Appellant pled guilty to the offense of aggravated sexual assault of a child. The Court accepted the Appellant's plea and found Appellant guilty. The Court sentenced Appellant to 75 years in the Texas Department of Criminal Justice-Institutional Division. There is no reversible error reflected in the record.

## ARGUMENT

### Analysis of the pre-trial record

#### Indictment

The record contains no objection to the indictment at trial but was examined for error. The requisites for a valid indictment as set forth in the Texas Code of Criminal Procedure, Art. 21.02 are:

Commence with "In the name and by the authority of the State of Texas;"

Presented in the district court of Fort Bend County;

It was an act of a Fort Bend County grand jury;

Contains the name of the accused;

Recites the crime was committed within the jurisdiction of Fort Bend County;

The date of the crime was prior to the date the grand jury convened;

The recited offense tracks the language contained in the Texas Penal Code;

Concludes with "Against the Peace and Dignity of the State"; and

It was signed by the foreman of the grand jury.

The indictment in this cause complied with all of the requirements of Texas Code of Criminal Procedure, Art. 21.02. There was no error in the indictment.

#### Analysis of the Trial Record

On August 15, 2013, the Appellant changed his plea from "Not Guilty" to "Guilty". (CR 18-25). The legal effect of a voluntary and knowing plea of guilty without a plea bargain is to waive all non-jurisdictional defects that occur before the entry of the plea. *Jack vs. State*, 871

13

S.W.2d 741 (Tex.Crim.App. 1994). If the Appellant wishes to overturn his plea on appeal, he must show that it was not voluntarily given or that he was not properly admonished.

Appellant signed Defendant's Plea of Guilty or Nolo Contendere-Written Admonishments, Waiver of Statutory and Constitutional Rights, and Written Stipulation and Judicial Confession which was also signed by Appellant's attorney, the prosecutor and the trial judge. (CR 19-24). The Appellant affirmed the following to the trial court:

1. That he had fully consulted with his attorney before entering his plea and that he was satisfied that his attorney had properly represented of him. (CR 22);

2. That he had a right to a trial by jury and was giving up that right. (CR 20);

3. That he was pleading guilty voluntarily and that no one had coerced or promised the Appellant anything to get him to plead guilty. (CR 22);

Appellant's attorney confirmed that Appellant was competent and the Court found him to be competent. (CR 24).

The record indicates that the Appellant did receive the proper admonishments. Therefore, a prima facie case is made that the plea was given knowingly and voluntarily. The record contains no facts to support a conclusion that Appellant did not know what he was doing when he entered his plea of "Guilty." No error was found.

**Analysis of the Trial Record on Punishment**

Fairness of the Punishment

Appellant was assessed punishment of seventy-five (75) years confinement in the Texas Department of Criminal Justice-Institutional Division. If a punishment is excessive then such punishment would be cruel and unusual under the Eighth Amendment and the Appellate Court

should grant a new trial. In the instant case Appellant was charged with aggravated sexual assault of a child. The range of punishment for this offense was imprisonment in the institutional division for life or any term of not more that 99 years or less than 20 years and a fine not to exceed $10,000.00. Tex. Penal Code Ann. 12.32 Vernon's 1994). Texas courts have consistently held that where the trial court sentences a defendant within the statutorily prescribed range, then the punishment is not cruel and unusual.

### Ineffective assistance of counsel

In all proceedings, a person is entitled to the assistance of counsel." U.S.Const. Amend. VI and Tex.Const.Art I, Sec.10. In order to prevail on a claim of ineffective assistance of counsel, the defendant must first show that trial counsel's performance was deficient. Second, the defendant must show that this deficient performance prejudiced the defense which requires a demonstration that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland vs. Washington*, 466 U.S. 668 (1984). In this case Appellant pled guilty to the offense of aggravated sexual assault of a child. The trial court assessed the punishment of Appellant within the range of punishment for the offense of aggravated sexual assault of a child. There is no valid claim of ineffective assistance of counsel.

## PRAYER

WHERFORE, Appellant respectfully requests that judgment of the trial court be reversed and a new trial granted and any and all relief to which he may be entitled.

Respectfully submitted,

_____
Mark W. Racer
Texas Bar No. 16448450
212 E. Burleson
Wharton, Texas 77488
(979) 531-0322
(979) 531-0355 FAX
Attorney for Appellant

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the foregoing brief for Appellant has been forwarded to counsel for the State of Texas, Mr. John Harrity, 309 South 4th Street, Suite 258, Richmond, Texas 77469 on this the _____ day of _____, 2014.

_____
Mark W. Racer

EXHIBIT B

# MARK W. RACER
ATTORNEY AT LAW
212 E. Burleson
Wharton, Texas 77488
(979) 531-0322
(979) 531-0355 Fax

November 20, 2014

## ATTORNEY-CLIENT PRIVILEGE

Mr. DJ Christopher Lowe
TDCJ# 01912512
Telford Unit
3899 Hwy 98
New Boston, Texas 75570

Re:    Cause No. 01-14-00158-CR; DJ Christopher Lowe vs. The State
       of Texas; In The Court of Appeals-First District

Dear Mr. Lowe:

Enclosed please find a copy of the brief that was filed in your case. In these circumstances I have a responsibility to prepare a brief to the Court of Appeals and advise them of the analysis I have made of the record on your behalf. In your case I did not find any error in the record.

I have also enclosed a Motion to Withdraw which has been sent to the Court of Appeals for review. The justices will examine your case and determine if the brief that I have prepared provided a thorough search of the record for any possible point of error. They will also determine if I have drawn the proper conclusion that an appeal would be frivolous. If the Court of Appeals determines that my brief is inadequate then they may order me to rebrief the case or order the trial court to appoint a new appellate attorney to investigate the record and file a new brief.

On the other hand, if the Court of Appeals agrees with my brief that the record is insufficient to support a point of error, it does not end your right of appeal. You still have a right to receive a copy of your record and prepare your own arguments. I have enclosed a copy of the record in your case.

If you have any other questions please contact us at this address.

Very truly yours,

Mark W. Racer

U.S. POSTAGE
PAID
WHARTON, TX
77488
JUL 09 15
AMOUNT
$1.86
00083490-04

UNITED STATES
POSTAL SERVICE

1000

77002

Mark W. Racer
Attorney at Law
212 E. Burleson
Wharton, Texas 77488

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

JUL 1 3 2015

CHRISTOPHER A. PRINE

CLERK _____

**MAIL RECEIVED**

Clerk, First Court of Appeals
301 Fannin
Houston, Texas 77002

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

JUL 1 3 2015

CHRISTOPHER A. PRINE
CLERK